NATIONAL CITY BANK OF ST. LOUIS *et al. v.* STUPP BROS.
BRIDGE & IRON CO.*

(Division A.   June 13, 1927.   Suggestion of Error Overruled June
29, 1927.)

[113 So. 340.   No. 26495.]

1. BANKS AND BANKING. *Suit in attachment cannot be maintained
against national bank to recover proceeds of warrant delivered
to it (Hemingway's Code, section 293; U. S. Compensation
Statutes, section 9834).*

Suit in attachment under Code 1906, section 536 (Hemingway's
Code, section 293), against a national bank seeking to recover
proceeds of warrant under assignment before its delivery to bank,
*held* within Revised Statutes, U. S., section 5242 (U. S. Com-
pensation Statutes, section 9834), providing that no attachment,
injunction, or execution shall be issued against bank or property
before final judgment.

2. APPEARANCE. *National bank's appearance in suit in attachment
before final judgment by motion to quash did not vest court with
jurisdiction (Hemingway's Code, sections 293, 2953; U. S. Com-
pensation Statutes, section 9834).*

Appearance of national bank in suit in attachment under Code
1906, section 536 (Hemingway's Code, section 293), by motion
to quash on ground of lack of jurisdiction, *held* not to vest court
with jurisdiction to render personal decree against it; Code
1906, section 3946 (Hemingway's Code, section 2953), being in-
applicable, in that motion to quash was based on want of power
to proceed against national bank by attachment before judgment
should be rendered as provided by Revised Statutes, U. S., section
5242 (U. S. Compensation Statutes, section 9834).

---

*Corpus Juris-Cyc. References: Appearances, 4CJ, p. 1348, n. 92;
Attachment, 6CJ, p. 477, n. 10; Banks and Banking, 7CJ, p. 836, n. 96;
p. 837, n. 2.

APPEAL from chancery court of Hinds county, First dis-
trict.

HON. V. J. STRICKER, Chancellor.

Suit by Stupp Bros. Bridge & Iron Company against the National City Bank of St. Louis and another. Decree for complainant, and defendants appeal. Reversed and judgment rendered.

*Wells, Stevens & Jones* and *Jeffries, Simpson & Plummer,* for appellant.

I. This proceeding violates the Federal statute and the attachment is void and the court had no jurisdiction. Section 5242, Revised Statutes of the United States, U. S. Compiled Statutes 1901, page 3517. The supreme court of the United States construed this section of the Federal statute in *Pac. Nat'l Bank* v. *Mixter,* 124 U. S. 721, 31 L. Ed. 567. See, also, the later case of *Van Reed* v. *Peoples Nat'l Bank,* 198 U. S. —, 49 L. Ed. 1161; and 7 C. J., page 836, paragraph 802. In 7 C. J., footnote 99, page 837, authorities are arrayed in support of the text, state and Federal. *Searles* v. *Smith Grain Co.,* 80 Miss. 698, 32 So. 287, is the only case cited which is apparently contra. See, too, 6 Fed. Stat. Ann., page 910.

A petition to set aside a preference under this section was sustained in *Lamb* v. *Ulrich* (1923), 94 Okla. 240, 221 Pac. 741. See, also, *American Nat'l Bank* v. *Dure,* 148 Ga. 498, 97 S. E. 70; *Merchants' Laclede Nat'l Bank of St. Louis* v. *Troy Gro. Co.* (Ala.), 39 So. 478.

The foregoing authorities demonstrate without dispute that an attachment against a national bank contravenes the Federal statute and is, therefore, a nullity. The court has no jurisdiction. It is elementary that the Federal statute is paramount and the decisions of the supreme court of the United States construing the statute are binding upon all courts, state and Federal.

II. An attachment against a foreign national bank with the service of a writ of garnishment upon a resident bank, either state or national, is in fact an attachment condemned by the Federal statute.

Under the Mississippi statutes, and the decisions of our own state, the bill of complaint in this cause is essentially one in attachment and it makes no difference that there is no actual levy of a writ of attachment upon tangible property, such as real or personal property. An attachment can be maintained by serving a writ of garnishment upon a resident defendant, or under the statutes providing for an attachment in chancery by making the resident debtor a party defendant and serving him either with a copy of the bill or having summons state on its face the purpose of the suit. Section 294, Hemingway's Code.

A review of the Mississippi statutes on attachment in common-law actions and the statutes investing the chancery court with jurisdiction all show that nonresidency is a ground of attachment. Section 125, Hemingway's Code.

In the case at bar the National City Bank is a foreign corporation and in the absence of the Federal statute could be attached in Mississippi at the suit of any creditor here. Sections 129 and 130, Hemingway's Code, give the form of a writ of attachment. See, also, section 132, Hemingway's Code. These statutes have been in the Code of Mississippi from pioneer days. For construction of them, see the early case of *Bryan* v. *Lashley,* 13 S. & M. 284, in which it will be observed that our court says: ''To garnishee is to summon or serve the attachment on the garnishee. It is in effect, also to attach the debt.''

There is no question but that the service of the writ of garnishment binds the debt owing by the garnishee and that the attaching creditor by service of the writ acquires a lien from the date of the levy. This is the express holding of the Mississippi supreme court in *Wells* v. *Brander,* 10 S. & M. 348.

So we see that we have express authority in Mississippi to the effect that the lien acquired by the service of writ of garnishment takes precedence over a subsequent dec-

laration of bankruptcy. See, too, *Delta Ins. & Realty Co.* v. *Fire Ins. Co.,* 113 Miss. 542, where the court was called upon to pass upon an unusual state of facts. *R. R. Co.* v. *Lyon,* 99 Miss. 186, is directly in point and settles the proposition that the debt in the hands of the garnishee is bound by the service of the writ.

It will be seen from the foregoing that the service of a writ of garnishment in this state creates a lien on the debt and the garnishee is bound to answer or in default thereof a judgment can be taken against him. Sections 293, et seq., Hemingway's Code, conferring jurisdiction upon the chancery court of attachment against nonresidents, expressly provide that the effects or indebtedness shall be bound by the service of process.

The adjudications in Mississippi are in line with the adjudications in other jurisdictions: *Northfield Knife Co.* v. *Sharpleigh,* 24 Neb. 635, 39 N. W. 788, 8 A. S. R. 224; *Williamson* v. *Bowie,* 6 Munf. 176; *Locket* v. *Child,* 11 Ala. 640; *State* v. *Linaweaver,* 50 Tenn. (3 Head.) 51, 75 Am. Dec. 757; *Stover* v. *Stover,* 6 Pa. Co. Ct. R. 614; *Brunswick-Balke-Collender Co.* v. *Brown,* 45 Leg. Int. 4; *Martin* v. *Foreman,* 18 Ark. 249; *Ryan* v. *Burkam,* 42 Ind. 507; *Judge* v. *Reinhart* (Com. Pl.), 3 Pa. Dist. R. 202.

These decisions illustrate the rule that the garnishee is bound by the service to hold the funds or indebtedness in his hands and pay them over in accordance with the judgment or decree in the attachment suit. There is no question, therefore, but that the Jackson-State National Bank in this case is absolutely bound to hold the funds in its possession to abide the decree in this cause. We regard this question absolutely settled by the statutes of Mississippi and decisions of our court.

III. The case of *Bank* v. *Searles,* 81 Miss. 169, may be differentiated. This case is entirely different, involving as it does a bill of lading for the shipment of personal property and the doctrine of the continuing liability of the bank which purchases the bill of lading; and, also, if

the case is authority it is certainly superseded by the decisions of the supreme court of the United States and must either be differentiated or overruled.

IV. The Federal statute is paramount and the statute itself and the Federal decisions construing it are absolutely binding on this court. *Planters Nat'l Bank of Va.* v. *Wysong & Miles Co. of N. C.,* 12 A. L. R. 1412, wherein the decisions are reviewed.

*Alexander & Alexander,* for appellee.

I. There has been no attachment within the purview of section 5242 of the Revised Statutes. No attachment is sought against the bank. The prayer of the bill does not ask for attachment. There is no writ to be quashed. The only process in the cause is a summons to the Jackson-State National Bank and a nonresident summons by publication of the National City Bank; that is all. We have seized nothing; we have attached nothing; we hold nothing; the sheriff has nothing in his custody.

The Jackson-State National Bank has been served with notice of the suit. If it has funds to the credit of the nonresident, it is supposed to answer to that effect. Being a garnishee it is held to answer for, and decree against the nonresident to the extent of the funds in its possession. The court does not control them nor the sheriff.

Appellant's brief admits that a garnishment against a national bank is permitted by section 5242, Revised Statutes. If, standing alone, the garnishment in this case is lawful, how may it be tainted by designation as "attachment?" We have done nothing more than garnish a resident and made publication for the nonresident. If the garnishment is not prohibited, what else have appellants of which to complain?

Section 5242 of the Revised Statutes being in derogation of fundamental existing rights must be construed

with strictness. *Corn Exchange Bank* v. *Blye,* 101 N. Y. 303.

The distinction between garnishment and attachment is clear and fundamental. There is abundant authority for the contention that section 5242, Revised Statutes, does not include garnishment. A typical case is *Earle* v. *Pa.,* 178 U. S. 449, 44 L. Ed. 1146. See, also, *Hower* v. *Weiss Co.,* 55 Fed. 356 (C. C. A.), to the effect that section 5242 does not prohibit a Federal court from issuing an injunction against a national bank before final judgment.

II.    Regardless of the disposition of the motion to quash, the defendants have made a general appearance and the bill should not be dismissed. References to the construction of the statutes and decisions of other states are rendered obsolete and inapplicable by the rule and practice in Mississippi. Griffith's Miss. Ch. Pr., sections 251 at 255. The Mississippi rule is set out in 4 C. J., page 1369. See notes 92-3, (a) and (b).

An incidental purpose of our suit, in addition to our desire to protect our clients in their just demand, is to obtain jurisdiction of the nonresident. The purpose is not unworthy. The statute contemplates its use to this end. *Mobile Auto Co.* v. *Sturges,* 66 So. (Miss.) 205. Moreover, the filing of forthcoming bond by appellants is an appearance. *Richard* v. *Mooney,* 39 Miss. 357; *Wilkinson* v. *Patterson,* 6 How. (Miss.) 103; *Chastain* v. *Armstrong,* 85 Ala. 215; *Peebles* v. *Weir,* 60 Ala. 413, 416; *Cincinnati* v. *Pless,* 60 S. E. (Ga.) 8; *Arcadia Bank* v. *Johnson,* 130 La. 288, 57 So. 930.

There is no question as to the jurisdiction of this court in such cases as the one at bar. The most the Federal statute could do, in a proper case would be to suspend the right to injunction, etc., under particular circumstances.

III.    The case of *Searles Brothers* v. *Smith Grain Co.,* 80 Miss. 688, is ample authority for appellee's procedure.

The court's holding as to the applicability of section 5342, Revised Statutes, on an exactly parallel state of facts, was in connection with and upon its finding an assumption that a nonresident national bank was being sued. No court, state or Federal, has ever criticized the holding of the Searles case, as far as its interpretation of the Federal statute is concerned.

*Regina Mills Co.* v. *Lehman,* 117 Miss. 575, involved a proceeding against a nonresident under the same statute. The opinion of the court through Judge Ethridge illustrates the propriety of a proceeding in chancery under such circumstances.

We are entitled to a hearing of this case on its merits in order to establish our claim to and ownership of the funds garnished. It was a privilege accorded the nonresident national bank in the Searles case and the nonresident national bank in the Andelusia case. Appellant would deprive us of our day in court by projecting their entire argument upon the assumption that property of a national bank has been attached and thus prejudge the merits upon the main issue involved in the controversy.

*Wells, Stevens & Jones* and *Jeffries, Simpson & Plummer,* in reply, for appellant.

The by-path in this case has been blazed by learned counsel for appellee in their strained effort to denominate this a garnishment proceeding and not an attachment. But in Mississippi there is no independent action denominated a garnishment suit. Garnishment is a remedial process in aid either of the judgment or an attachment. It is not an independent suit. This proceeding is essentially an attachment proceeding. It is authorized by statute and the very statutes relied upon denominate the proceeding an attachment. Section 293, Hemingway's Code, conferring the jurisdiction bears the title, ''Attachment Against Non-Residents.'' The subsequent sec-

tions all bear the same title. Section 293 confers the jurisdiction upon the chancery court.

We take no issue with counsel on the proposition of law that a national bank can be garnished, and if the principal defendant in this case; to-wit, the National City Bank of St. Louis, was an ordinary private corporation for pecuniary gain like the Smith Grain Company in the Searles case, then the Federal statute would not apply. It is a mere incident that the Jackson-State National Bank, the garnishee, is also a national bank. The proceeding at bar is illegal because the funds of the National City Bank of St. Louis are attached in the hands of the Jackson-State National Bank by virtue of the garnishment.

We emphasize the language of the judge in *Central Trust Co.* v. *Chattanooga R. & C. R. Co.,* 68 Fed. 685, when he says, ''A garnishment is a form of attachment,'' and in citing Federal decisions to the effect that a court acquires jurisdiction over a nonresident only by serving some kind of an attachment on his property within the jurisdiction where the suit was filed. Here the only basis for jurisdiction is the fact that the National City Bank has money in the hands of the Jackson-State National Bank. Its property is here, and in the absence of a Federal statute is subject to attachment.

In addition to the Federal authorities and others cited in our former brief we cite the following state cases on the general proposition that any proceeding by attachment against a national bank is void and no lien is thereby acquired on the property of the bank: ALABAMA: *Merchants' Laclede Bank* v. *Troy Gro. Co.,* 144 Ala. 605, 608, 39 So. 476; COLORADO: *Woodward* v. *Ellsworth,* 4 Colo. 580; GEORGIA: *Planters Loan, etc., Bank* v. *Berry,* 91 Ga. 264, 18 S. E. 137; IDAHO: *Meyer* v. *Coeur d'Alene First Nat'l Bank,* 10 Idaho 175, 77 Pac. 334; ILLINOIS: *McDonald* v. *Marquette First Nat'l Bank,* 41 Ill. A. 368, but see *Norris* v. *Merchants' Nat'l Bank,* 40 Ill. A. 54; MARYLAND: *Chesapeake Bank* v. *Baltimore First Nat'l Bank,* 40 Md. 269,

17 Am. Rep. 601; MINNESOTA: *Kasson First Nat'l Bank* v. *La Due,* 39 Minn. 415, 40 N. W. 367; NEW YORK: *Mc-Bride* v. *Illinois Nat'l Bank,* 128 App. Div. 503, 112 N. Y. S. 794; *Van Reed* v. *People's Nat'l Bank,* 67 App. Div. 75, 73 N. Y. S. 514 [affirmed 173 N. Y. 314, 66 N. E. 16, 105 A. S. R. 666 (affirmed 198 U. S. 554, 25 S. Ct. 775, 49 L. Ed. 1161, 3 Ann. Cas. 1154)].; *Montreal Bank* v. *Fidelity Nat'l Bank,* 1 N. Y. S. 852, 112 N. Y. 667, 20 N. E. 414; PENNSYLVANIA: *Bank of Com.* v. *Chicago City Nat'l Bank,* 12 Pila. 189.; VERMONT: *Safford* v. *Plattsburgh First Nat'l Bank,* 61 Vt. 373, 17 Atl. 748.

Argued orally by *J. Morgan Stevens,* for appellant, and *James* and *Julian Alexander,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The appellee sued out an attachment in chancery under section 536, Code of 1906 (section 293, Hemingway's Code), making as defendants thereto the National City Bank of St. Louis, Mo., and the Jackson State National Bank of Jackson, Miss. The bill alleged, in substance, that S. J. Riley had a contract with the board of supervisors of Lowndes county and the state highway department, to do certain work, and executed to the appellee, for a valuable consideration, an assignment of all money to be paid to him thereunder; that subsequent thereto the state highway department issued to Riley a warrant on the state treasurer in the sum of two thousand two hundred six dollars and eleven cents as part payment on the work done by him, which warrant Riley delivered to the National City Bank of St. Louis, which forwarded it to the Federal Reserve Bank of St. Louis for collection, which bank credited the warrant to the National City Bank, and forwarded it through the regular channels to the Jackson State National Bank for collection, which bank now has the warrant or its proceeds; that the National City Bank, when it received and ap-

propriated the warrant, knew that it had been assigned to the complainant, by reason whereof it is indebted to the complainant in the amount of the warrant.

The prayer of the bill is for a "decree adjudging the liability of the defendant National City Bank . . . to this complainant, and subjecting such effects or indebtedness in the hands of the Jackson State National Bank to complainant's demand."

The defendants appeared specially by motion to quash, challenged the jurisdiction of the court, and prayed that the bill be dismissed, the ground thereof being that, under section 5242 of the Revised Statutes of the United States (U. S. Compiled Statutes, section 9834), the court was without jurisdiction to proceed further with the case. That statute provides that—"No attachment, injunction or execution, shall be issued against such association [national bank] or its property before final judgment in any suit, action, or proceeding, in any state, county, or municipal court."

This motion was overruled, and an appeal to this court was granted.

Under the statute hereinbefore cited on which this suit is based, the local defendant, alleged to be indebted to the nonresident, absent, or absconding defendant, is in a position similar to that which he would have occupied had he been a garnishee in an attachment at law. As we understand the brief of counsel for the appellee, their contentions, in substance, are:

(1) That this suit is not an attachment within the meaning of the Federal statute, for the three reasons: (a) The Federal statute does not prohibit a garnishment against a national bank; (b) no property of the National City Bank of St. Louis has been seized; and (c) the appellee simply is trying to recover its own property, to which the National City Bank is a claimant.

(2) That, in event the attachment be discharged, the bill should not be dismissed, for the reason that the National City Bank has entered its appearance, thereby

vesting the court below with jurisdiction to enter a personal decree against it.

It is true that the Federal statute does not prohibit a garnishment against a national bank, but the garnishee here is the Jackson State National Bank, and not the National City Bank of St. Louis.

Garnishment is a form of attachment by which property of a defendant in the hands of a garnishee, or a debt due a defendant by a garnishee, is seized and applied to the payment of the judgment recovered against the defendant.

The suit is not one for the recovery of specific property, and no such suit is authorized by the statute under which it was brought. The bill alleges, as it must have done to come within the terms of the statute, that the National City Bank is indebted to the complainant, the appellee here, in a certain amount, and that the Jackson State National Bank has in its hands effects of, or is indebted to, the National City Bank, and the object sought to be accomplished is the collection of this debt alleged to be due by the National City Bank to the appellee. The case, therefore, is clearly within the prohibition of the Federal statute. The case of *Searles Bros.* v. *Smith Grain Co. et al.*, 80 Miss. 688, 32 So. 287, relied on by the appellee, is not in point. In that case the attachment was manifestly dealt with by the court as being primarily against Smith Grain Company; and the National Bank there involved was treated by the court, in the language of the opinion therein rendered, as "a mere claimant of the fund, intervening as such claimant, and preferring its claim." That case, therefore, did not come within the prohibition of the Federal statute. 7 C. J. 837, note 2.

This brings us to the appellee's contention, that the appearance of the National City Bank of St. Louis was a general appearance, and vested the court below with jurisdiction to render a personal decree against it. The motion to quash recites that the appearance of the two banks was "specially for the purpose of moving the

court to quash the attachment and dismiss the suit for want of jurisdiction." No process was served on the National City Bank, and no personal jurisdiction over it was acquired by the court below by reason of the garnishment against the Jackson State National Bank. The National City Bank was in court solely because its property had been seized. It was not compelled to wait until final judgment and then contest the validity thereof, when its property should be attempted to be subjected to the payment of the debt alleged to be due the appellee by it; but it had the right to appear and object to the court's proceeding further with the condemnation of its property without thereby submitting itself to the jurisdiction of the court for any other purpose. 6 C. J. 477; *Davis* v. *Cleveland, C., C. & St. L. R. R. Co.*, 217 U. S. 157, 30 S. Ct. 463, 54 L. Ed. 708, 27 L. R. A. (N. S.) 823, 18 Ann. Cas. 907, and cases cited in note thereto at page 913.

Section 3946, Code of 1906 (section 2953, Hemingway's Code), has no application here. The motion to quash is not based on any defect in process or the service thereof, but is based on the want of power in the court below to proceed against the National City Bank by attachment before a judgment should be rendered against it.

The decree of the court below will be reversed, and the decree which it should have entered will be entered here; that is to say, the motion to quash will be sustained, and the bill of complaint will be dismissed. So ordered.

*Sustained and dismissed.*