ALDRIDGE *et al. v.* FIRST NAT. BK. OF BIRMINGHAM.

(In Banc. Nov. 21, 1932.)

[144 So. 469. No. 30012.]

(1)

Moody & Johnson, of Indianola, and O. S. Cantwell, of Sunflower, for appellants.

4

6

**Brewer & Brewer,** of Clarksdale, for appellee.

8

J. Morgan Stevens, of Jackson, for appellee.

Argued orally by **C. C. Moody**, for appellant, and **J. Morgan Stevens**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellants exhibited an original bill against the appellee, a national bank having its domicile and principal place of business in Birmingham, Alabama, alleging, in substance, that the bank had agreed to sell to the complainants certain described land situated within the territorial jurisdiction of the court; that although the complainants stood ready, and had offered to comply with their part of the contract of sale, the bank refused to sell them the land, but, on the contrary, had sold a part thereof, making it impossible for the contract to be specifically performed, resulting in the appellants being damaged, for which they prayed a recovery, and that that portion of the land still owned by the bank be subjected to the payment of any judgment obtained by the complainants against the bank. The bill prayed for process including "a writ of attachment to be issued and be levied as required by law upon the above described land belonging to and owned by the defendant," and for a judgment for the amount of the complainants' damages for the payment of which that portion of the land agreed by the bank to be sold the complainants, and which it still owned, be subjected. A writ of attachment was issued and levied on the land in accordance with section 175, Code of 1930, and we will assume that the appellee was duly summoned by publication.

The bank appeared and filed a motion (1) to quash the writ of attachment under section 5242 of the Revised Statutes of the United States, being section 91, title 12, U. S. C. A., and (2) to dismiss the bill of complaint. This

motion was sustained, the attachment quashed, and the bill dismissed. The federal statute relied on provides, among other things, that "no attachment, injunction or execution, shall be issued against such association (a national bank) or its property before final judgment in any suit, action, or proceeding, in any state, county, or municipal court."

The issuance and service of the writ of attachment is clearly within the prohibition of this statute, National City Bank of St. Louis v. Stupp Bros. Bridge & Iron Co., 147 Miss. 747, 113 So. 340; and therefore the court below committed no error in quashing it. This the appellants admit, but say that the bill should have been retained and the case proceeded with under the general equity jurisdiction conferred on the court by section 159 of the state constitution.

It is undoubtedly true that courts of equity have jurisdiction independent of sections 173 et seq., Code of 1930, to subject property owned by a nonresident, situated within its territorial jurisdiction, to the payment of debts due by such nonresidents. Dollman v. Moore, 70 Miss. 269, 12 So. 23, 19 L. R. A. 222. The relation of the statute to the jurisdiction of courts of equity in cases of this character was aptly and succinctly set forth by Judge Griffith in Clark v. L. & N. R. Co., 158 Miss. 287, 130 So. 302, 311, in the following statement, which is not in conflict with the main opinion therein, but reinforced the ground of his dissent therefrom: "The attachment in chancery statute did not create any new remedy. As pointed out in Dollman v. Moore, 70 Miss. 267, 12 So. 23, 19 L. R. A. 222, it did no more than give distinct expression to that which had been recognized as being within chancery jurisdiction from the earliest times in this country, namely, when a debtor is absent from this state, and has property or effects here which cannot be effectively reached at law, chancery would give relief. It was never required that a litigant here should go to a foreign jurisdiction to pursue his debtor, nor take the risk that

property or effects here would presently be sold or removed by the absent debtor. The rule was based upon that dominant principle that when there is no full, adequate and complete remedy at law, chancery would give relief." See, also, Griffith's Miss. Chan. Prac., sec. 483.

When an action at law or a suit in equity is within the general jurisdiction of a court, it acquires the right to proceed therewith, after the filing of the declaration or bill of complaint, "in one of two modes; first, as against the person of the defendant, by the service of process; or secondly, by a procedure against the property of the defendant, wtihin the jurisdiction of the court. In the latter case the defendant is not personally bound by the judgment, beyond the property in question. And it is immaterial whether the proceeding against the property be by an attachment or bill in chancery. It must be, substantially, a proceeding in rem." Boswell v. Otis, 9 How. 336, 348, 13 L. Ed. 164; Pennoyer v. Neff, 95 U. S. 714, 728, 24 L. Ed. 565; Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931; Pennington v. National Bank, 243 U. S. 269, 37 S. Ct. 282, 61 L. Ed. 713, L. R. A. 1917F, 1159.

The proceeding here is not to enforce a right to, interest in, or lien on, property of the type illustrated by Roller v. Holly, 176 U. S. 398, 20 S. Ct. 410, 44 L. Ed. 520, but is to enforce a claim against the owner of property, which of itself alone confers no right to, interest in, or lien on, the property, and what we shall hereinafter say must be confined thereto. It, this proceeding, is not strictly one in rem—that is, against the property itself, irrespective of its owner—but is substantially such; or, in other words, is quasi—in rem, Pennoyer v. Neff, supra, and the jurisdiction of the court to proceed therewith depends on its bringing the property within its control by seizure, or its equivalent. Authorities, supra, and Brown v. Board of Levee Commissioners, 50 Miss. 468; Delta Ins. & Realty Co. v. Interstate Fire Ins. Co., 113 Miss. 542, 74 So. 420; 33 C. J. 1087; 15 R. C. L. 632; 3 Freeman on Judgments (5 Ed.), 1530.

The jurisdiction of the court in such a proceeding to inquire into and determine the defendant's asserted obligation to the complainant, is incidental to, and dependent on, its control over the property. And unless the property is brought within such control, it can be disposed of by its owner before final judgment, and the whole proceeding thereby rendered nugatory. To hold otherwise would not only be contrary to the authorities, but "would introduce a new element of uncertainty in judicial proceedings." Pennoyer v. Neff, supra.

But it is said by counsel for the appellants that in equity no seizure of the property is necessary to bring it within the control of the court; that the mere filing of the bill of complaint, followed by publication of summons for the owner of the property, has that effect, citing Dollman v. Moore, supra, and Gordon v. Warfield, 74 Miss. 553, 21 So. 151, therefor. Dollman v. Moore was a proceeding to subject a debt due by a resident defendant to a nonresident defendant, to the payment of a claim asserted by the complainant against the nonresident defendant, and all of the parties were before the court in person. The jurisdiction of the court, therefore, was complete. In Gordon v. Warfield, the complainant sued the defendant for damages on a cause of action which at law would have been in tort, alleged the nonresidence of the defendant, the ownership of land by her within the jurisdiction of the court, prayed that she be summoned by publication, that the amount of the complainant's damages be ascertained, and the land be subjected to the payment thereof. It is not clear from the case whether there was any seizure of the land, but the original record discloses that no seizure was had or prayed for. The defendant failed to appear, and a decree pro confesso against her was taken, and a final decree against her was thereafter rendered; on the appeal to this court the decree pro confesso was affirmed. The opinion therein does not refer specially to the necessity for bringing the property within the control of the court, and it is

impossible to ascertain therefrom exactly what the court intended to hold thereon. If the ground of the decision is that it was not necessary to bring the property within the control of the court, it is contrary to all of the authorities elsewhere, and to Brown v. Board of Levee Commissioners, and Delta Insurance & Realty Co. v. Interstate Insurance Co., supra, and would not be followed here. If the ground thereof is that the filing of the bill of complaint itself brought the property within the control of the court, the same result must follow, for if the filing of the bill of complaint in the case at bar brought the property within the control of the court, and effectually prevents the owner from thereafter dealing with it before final decree, the bill of complaint itself constitutes an attachment, within the meaning of the federal statute here invoked.

Under section 173, Code of 1930, an appearance by a nonresident defendant may, under some circumstances, convert the proceeding into one in personam, but there is no contention here that the appellee's appearance was such as to have that effect.

Affirmed.