FIRST NAT. BANK OF ST. LOUIS *v.* MISSISSIPPI COTTONSEED PRODUCTS CO.

(Division A. Oct. 29, 1934. Suggestion of Error Overruled Dec. 10, 1934.)

[157 So. 349. No. 31353.]

**Flowers, Brown & Hester,** of Jackson, and **Cooper & Thomas,** of Indianola, for appellant.

**Moody & Johnson,** of Indianola, for appellee.

**McGowen, J.**, delivered the opinion of the court.

The appellee filed its bill in the chancery court of Sunflower county against the appellant, the First National Bank of St. Louis, and J. S. Love, superintendent of banks of Mississippi, and the liquidator of the Bank of Indianola, alleging, in effect, that the Bank of Indianola and the First National Bank of St. Louis had appropriated the proceeds of a certain draft of which appellee was the owner, and which had been collected by the First National Bank of St. Louis, and to the proceeds of which draft the appellee was entitled. The bill sought a money decree against both banks for the amount so collected in said draft. The bill also alleged that the Holmes Bakeries, Inc., a corporation domiciled at Indianola, Mississippi, and Mrs. A. R. Gidden, a resident of Indianola, Mississippi, were indebted to the First National Bank of St. Louis and the Indianola Bank, and they were summoned into court as garnishees by virtue of an attachment in chancery, to make discovery as to the amount of their indebtedness to the banks. Personal service of process was had upon the resident defendants, and it was alleged that the First National Bank of St. Louis was a nonresident domiciled in St. Louis, Missouri,

and there was a publication of notice for said nonresident bank, and no attempt was had of personal service of the process.

The First National Bank of St. Louis appeared, as it is alleged, especially for the purpose of raising the question of jurisdiction of the court over it and its property, and for the further purpose of raising the question of the jurisdiction of the court to entertain a suit of that nature, legal, equitable, or otherwise, and for no other purpose, and moved to quash the proceedings against it, and to dismiss the bill because the court was without jurisdiction to entertain the same. Said First National Bank of St. Louis relied, as the basis of its motion, upon two federal statutes; the two pertinent parts of which being as follows:

First. "And no attachment, injunction or execution, shall be issued against such association or its property before final judgment in any suit, action, or proceeding, in any State, county, or municipal court." 12 U. S. C. A., section 91.

Second. "Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any state, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases." Section 94, title 12, Banks and Banking of the United States Code, Annotated. These are parts of the national bank laws.

There was no allegation in the bill that the nonresident foreign corporation was doing business in this state. It was agreed that the nonresident corporation was domiciled in St. Louis, and was a national bank.

Upon the hearing of this motion, the court below sustained the motion to quash the writ of attachment, but held that the First National Bank of St. Louis, by filing such motion, had thereby entered its general appearance,

and, for that reason, retained the bill as to said national bank.

From that decree of the court below retaining the bill and declining to dismiss it, an appeal was granted, by the court, to the First National Bank of St. Louis to settle all the controlling principles of the case.

It is contended by the appellant, the First National Bank of St. Louis, and conceded by the appellee, that the proceeding was an attachment in chancery, and that therefore, under 12 U. S. C. A., section 91, cited supra, the court properly quashed the attachment.

The appellant also contends that by its motion it did not enter its appearance so as to confer jurisdiction of its person upon that court and that the court should have dismissed the bill.

The issuance of the writ in attachment and the publication of notice for said nonresident were clearly within the prohibition of this federal statute first above set forth. See National City Bank of St. Louis v. Stupp Bros. Bridge & Iron Co., 147 Miss. 747, 113 So. 340, and Aldridge v. First National Bank of Birmingham, 165 Miss. 1, 144 So. 469. In the first mentioned case, the question was sharply presented that, by its appearance to move to quash the writ, the nonresident national bank waived service of process, thereby entered its general appearance, and was in court, and that theory was by this court rejected, and it was held in both cases that it was proper to quash the writ and dismiss the bill.

The effort to impound the property of a nonresident national bank, on the face of a federal statute prohibiting such action, cannot be used as a basis for holding such a defendant in court and securing the same result as if the federal statute did not exist.

But the appellee insists that it sought relief against J. S. Love, a representative of the Bank of Indianola, who was a resident and who was properly in court, and that therefore the court had jurisdiction, independent of

the attachment proceedings, of the nonresident defendant.

We are of the opinion that the discussion of this question was necessarily involved in the decision of Aldridge v. First National Bank of Birmingham, supra, and that, when the property of a nonresident national bank is not in court, there is no res within its territorial jurisdiction upon which the court can operate. We there distinctly held that "the thing" must be in court, or, in the absence of the person, that the bill itself constituted an attachment within the prohibition of the federal statute. The appearance of the defendant in the case at bar could not operate, under section 173, Code of 1930, as a personal appearance. Independent of the statute, under the circumstances of this case, there was no territorial jurisdiction of the nonresident national bank, and its motion to quash, as we have seen, did not constitute a general appearance, as there is no contention that the defendant here was a nonresident corporation doing business within this state. The jurisdiction conferred upon courts by section 4166, Code of 1930, only embraces foreign corporations doing business in this state. This corporation was not so doing, and therefore the court below was without territorial jurisdiction. If this be true, then the nonresident corporation, the First National Bank of St. Louis, did not, by pleading the want of jurisdiction, waive the point it sought to establish. See Arnett v. Carol C. & F. R. Smith, Inc., 165 Miss. 53, 145 So. 638, where this court held that the court was without jurisdiction because the defendant was served with process at a time when it was immune therefrom, and further that there was no territorial jurisdiction of the defendant, and that such a foreign corporation sued did not, by moving to quash the process and pleading in abatement, and by claiming its immunity from the process, waive the court's lack of territorial jurisdiction.

But counsel for the appellee insists that, because the

Bank of Indianola was sued in Sunflower county, and because a cause of action existed against that bank and its representative as well as against the nonresident bank, it had jurisdiction against the nonresident bank, citing 15 C. J., pp. 793, 794, a part of which reads as follows: "Residents and nonresidents of state as joint defendants. Although a state court would not have jurisdiction of an action if all the defendants were nonresidents of the state, the fact that one or more of several defendants are residents may authorize it to take jurisdiction of the action, although the other defendants are nonresidents."

· An examination of the authorities cited under note 21, page 794, 15 C. J., as sustaining the view above quoted, will reveal that all the decisions were based upon statutes conferring jurisdiction, and that is especially true of the case of Comstock v. Rayford, 1 Smedes & M. 423, 40 Am. Dec. 102, in which slaves were impounded within the jurisdiction of the court and sought to be subjected to the payment of the complainant's debt upon a creditor's bill. The Virginia Creditors Bill Statute of 1744.

We reach the conclusion that the nonresident corporation, a national bank, not doing business in this state, did not, in any sense herein, enter its appearance so that a personal judgment might be obtained against it. In order to collect its debt from its debtors and secure its rights, it had, of necessity, to avail itself of the federal statute. The effect of this federal statute is to deny the state's remedy, in so far as national banks are concerned. See Pacific National Bank of Boston v. Mixter, 124 U. S. 721, 8 S. Ct. 718, 31 L. Ed. 567. By its appearance for the purpose of moving to quash the attachment or writ thus unlawfully issued and served, it did not confer upon the court territorial jurisdiction. The res having been dismissed from the court, the court should have dismissed the bill as to this appellant. The motion to quash herein did not submit to the court jurisdiction of the appellant's person.

We have excluded from consideration the effect of section 94, title 12 U. S. C. A., argued here, as limiting the jurisdiction of suits against national banks to the cities and counties in which they are situated. Its inclusion in the motion did not affect the right of the appellant to have the writ of attachment quashed and the bill dismissed, nor did the assertion of this additional ground, in any wise, affect its right in this behalf. This case will be reversed, and a decree will be entered here accordingly.

Reversed, and decree here for appellant.