491 So.2d 523 (1986)
John R. WHEAT
v.
Horace EAKIN and E & W Development Corporation.
No. 56260.
Supreme Court of Mississippi.
June 30, 1986.
*524 Doug Wade, Jackson, for appellant.
Thomas D. Lee, Lee & Lee, Forest, for appellee.
Before WALKER, P.J., and PRATHER and SULLIVAN, JJ.
WALKER, Presiding Justice, for the Court:
John R. Wheat takes this appeal from the Circuit Court of the First Judicial District of Hinds County, Mississippi, wherein the appellees, Horace Eakin and E & W Development Corporation, were granted a default judgment by the circuit clerk. A judgment on writ of inquiry was entered by the judge in the amount of $25,000 against the appellant.
On September 7, 1983, Horace Eakin and E & W Development Corporation filed a complaint seeking actual and punitive damages against Wheat. On October 7, 1983, Wheat, acting pro se, filed with the circuit clerk's office a handwritten document[1] which is the point of controversy in this case. The document, which is attached as an exhibit, contains the docket number, # 30,169, and the style of the case, Horace Eakin vs. Joyce Eakin and John Wheat. The document begins "Not only do I deny all of the allegations in the above styled suit... ."
On December 20, 1983, the appellees requested and were granted a default judgment by the clerk which recited, in part, "defendant John R. Wheat having failed to plead or otherwise defend this action... ." No advance notice was given the appellant.
On June 22, 1984, John Wheat filed another document with the court in which he again denied all the allegations of the petition.
On August 8, 1984, Circuit Judge L. Breland Hilburn entered an interlocutory judgment and judgment on writ of inquiry. The petitioners, Horace Eakin and E & W Development Corporation, were allowed to recover $25,000 from defendant John Wheat. The judgment states that "the Defendant having filed no plea or answer and having failed to appear... ."
Rule 55 of the Mississippi Rules of Civil Procedure governs default. The rule states:
(a) Entry. When a party against whom a judgment for affirmative relief is *525 sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.
(b) Judgment. In all cases the party entitled to a judgment by default shall apply to the court therefor. If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing of such application; however, judgment by default may be entered by the court on the day the case is set for trial without such three days' notice. If in order to enable the court to enter judgment or to carry it into effect it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing with or without a jury, in the court's discretion, or order such references as it deems necessary and proper.
While the comment on the rule makes it clear that the mere appearance of a party will not keep him from being in default for failure to plead or otherwise defend, it does entitle him to at least three days written notice of the application to the court for the entry of a judgment based on his default. The comment to the rule states:
The ability of the court to exercise its discretion and refuse to enter a default judgment is made effective by the two requirements in Rule 55(b) that an application must be presented to the court for the entry of judgment and that notice of the application must be sent to the defaulting party if he has appeared. The latter requirement enables the defaulting party to show cause to the court why a default judgment should not be entered or why the requested relief should not be granted. A party's failure to appear or be represented at any stage of the proceedings following an initial appearance does not affect this notice requirement. Service of the notice must be made at least three days before the hearing on the application, and must afford the party an opportunity to appear at the hearing. The purpose of this portion of Rule 55(b) is simple: It is intended to protect those parties who, although delaying in a formal sense by failing to file pleadings within the thirty day period, have otherwise indicated to the moving party a clear purpose to defend the suit. On the other hand, when a defaulting party has failed to appear, thereby manifesting no intention to defend, he is not entitled to notice of the application for a default judgment under this rule.
In the case sub judice, both the default and the judgment pursuant to it were entered without notice to the appellant.
Regardless of the merits of appellant's response as an answer, the clerk was in error in entering default. Once a party has made an indicia of defense or denial of the allegations of the complaint such party is entitled to at least three days written notice of the application for default judgment. At that point the court under part (b) of Rule 55 is the proper party to enter the default. Entry of default by the clerk should only be in the absence of any response by the defending party. It should be noted that a default judgment can only be by the court.
Appellee argues that the purported answer of appellant dated October 7, 1983, did not constitute an answer under the rules of civil procedure. This question was never brought before or addressed by the lower court. While the form and language of the appellant's response are less than desirable and more frank than customary, the appellant did state in short and plain terms his general denial of appellees' claims. See Rule 8(b) Mississippi Rules of Civil Procedure. A motion to strike the answer would have been appropriate, but none was filed.
*526 Appellee also argues that sanctions may have been appropriate under Rule 11(b); however, no sanctions were either sought or entered. If an attorney had used such language in a pleading to the court, he would have been subject to discipline by both the Court and the State Bar.
Default is not favored as a way to settle lawsuits. It is the policy of our system of judicial administration to favor disposition of cases on their merits. Bell v. City of Bay St. Louis, 467 So.2d 657 (Miss. 1985); Manning v. Lovett, 228 Miss. 191, 87 So.2d 494 (1956). This case is reversed and remanded to the lower court for consideration on the merits of the parties' claims.
REVERSED AND REMANDED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
*527 
NOTES
[1] See exhibit hereto attached.