Katie E. SAULSBERRY, Plaintiff,

v.

ATLANTIC RICHFIELD COMPANY, Arco Chemical/Alsco–Arco Building Products, and Melvin Henderson, Defendants.

No. WC86–138–S–D.

United States District Court, N.D. Mississippi, W.D.

Nov. 20, 1987.

---

Lucius Edwards, Hernando, Miss., for plaintiff.

Kenneth E. Milam, R. Pepper Crutcher, Jr., Miller, Milam & Moeller, Jackson, Miss., for defendants Atlantic Richfield Co. and Arco Chemical/ALSCO–ARCO Bldg. Products.

Melvin Henderson, pro se.

## OPINION

SENTER, Chief Judge.

This cause comes before the court on motion for partial summary judgment of defendants Atlantic Richfield Company and ARCO Chemical/ALSCO–ARCO Building Products. For the reasons discussed below, the court sustains the motion as well taken.

## FACTS

Plaintiff Katie E. Saulsberry was hired by the ARCO Building Products division of ARCO Chemical Company in Olive Branch, Mississippi, on May 23, 1985. Saulsberry worked as a material handler technician. Her supervisor was defendant Melvin Henderson. Saulsberry alleges the following: Shortly after her employment, Henderson began making unwelcome sexu-

ally suggestive comments and frequently initiated physical contact by bumping into her. Saulsberry told Henderson to leave her alone but did not inform her supervisors. Henderson repeatedly told Saulsberry that she could not get a raise without Henderson's approval and threatened to make her look foolish in front of her superiors if she complained.

On October 13, 1985, Henderson called Saulsberry into his office and stated that Saulsberry would have to have sex with him if she wanted a promotion. Saulsberry again refused. Later that day, Henderson told Saulsberry to take a forklift from the shipping department and get some reclaim boxes from the blending department. When Saulsberry stopped the forklift to raise a guard door, Henderson appeared. Henderson pulled Saulsberry from the forklift stating that she was not aggressive enough on the job and that he would show her how to move. Henderson then threw Saulsberry to the floor and attempted to rape her. Another employee entered the area and Saulsberry was able to escape. She then drove the forklift to the area where the reclaim boxes were. Henderson again appeared and maliciously jammed a hard hat onto Saulsberry's head, stating that wearing a hard hat was required by company policy. Saulsberry's neck was injured by this act. She attempted to leave the building but was stopped by two female employees who took her to the office and advised her to call Henderson's supervisor, Bill Sperry. Saulsberry called Sperry and complained of Henderson's actions. Sperry told Saulsberry she could either return to work or lose her employment with the company. Sperry also promised to investigate the incident the following day. Henderson then called Saulsberry into his office and threatened her. Saulsberry left the plant. On November 20, 1985, Saulsberry filed a sexual harassment charge with the EEOC. Saulsberry also filed a claim on February 26, 1986, with the state for workers compensation and was awarded $6,849.50 on September 29, 1986. She subsequently filed this action on October 9, 1986, demanding $500,000 for violations of Title VII, $1,000,000 for intentional infliction of

emotional distress, $250,000 for assault, $50,000 for breach of contract, $75,000 for wrongful discharge, and $1,000,000 in punitive damages.

On November 24, 1986, the attorneys for Atlantic Richfield Company and ARCO Chemical Company served Saulsberry with a request for admissions. An additional request for admissions, with interrogatories and request for productions to be complied with in the event of denial, was served on December 19, 1986. Saulsberry's attorney filed a response to the first set of admissions on December 22, 1986. The attorney for the defendant corporations objected to the response as evasive and unresponsive. On January 29, 1987, the U.S. magistrate granted a motion by the defendant corporations to deem admitted certain of the first request for admissions. The following were deemed admitted:

1. ... Ms. Saulsberry's employer at all times relevant to this action has been ARCO Building Products, an operating unit of ARCO Chemical Company.

11. ... There has been no express contract of employment, written or unwritten, between the plaintiff and any defendant at any time relevant to this proceeding.

12. ... Ms. Saulsberry had no implied contract of employment, arising from written or oral communications or representations by any defendant, at any time relevant to this proceeding.

Saulsberry subsequently requested that the magistrate permit her to dismiss her attorney. The magistrate did so, and by an order issued June 2, 1987, he extended discovery. The new attorney served responses to the second interrogatories on June 24, 1987. These responses were not signed by Saulsberry, although they were signed by her attorney. Nor were the responses filed with the court. The defendant corporations move for summary judgment on the following grounds.

1. That Atlantic Richfield Company, a non-employer corporation, should be dismissed as a party defendant.

2. That the absence of any express or implied employment agreement requires

dismissal of the complaint's breach of contract claim.

3. That Mississippi law does not recognize a generic cause of action for "wrongful discharge."

4. That workers compensation was the exclusive remedy for plaintiff's assault and emotional distress claims.

5. That the complaint's prayer for punitive damages must be dismissed.

## CONCLUSIONS OF LAW

### ADMISSIONS

Under Fed.R.Civ.P. 36(a), the subject of a request for admission "is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admissions a written answer or objection addressed to the matter, signed by the party or by the party's attorney...." Fed.R.Civ.P. 5(d) provides: "All papers after the complaint required to be served upon a party *shall* be filed with the court either before service or within a reasonable time thereafter, but the court *may* ... order that depositions upon oral examination and interrogatories, requests for documents, requests for admissions, and answers and responses thereto not be filed...." (Emphasis added.)

█ Uniform Local Rule 6(e) states that pursuant to Fed.R.Civ.P. 5(d), depositions should not be filed with the court. As the local rule refers only to depositions, all other documents listed in Fed.R.Civ.P. 5(d) must be filed. The plaintiff's attorney did not file his response to the request for admissions. The response *is*, therefore, ineffective. Because the response was ineffective, the following statements must be deemed admitted.

1. ... Ms. Saulsberry sought recovery under the Mississippi Workmen's Compensation Law for all physical, mental and emotional injuries which she allegedly suffered as a result of sexual harassment and assault by Melvin Henderson.

2. ... Ms. Saulsberry characterized those injuries for which she sought workmen's compensation as job-related and accidental, not intentional or tortious.

3. ... Having characterized her alleged injuries as accidental in order to obtain workers' compensation relief, Ms. Saulsberry has waived, or is estopped herein to maintain, the position that those same injuries were caused intentionally so as to constitute intentional torts, breaches of contract, and violations of Title VII of the Civil Rights Act of 1964.

4. ... Ms. Saulsberry's employer had no knowledge of Melvin Henderson's alleged sexual harassment and/or assaults of Ms. Saulsberry until after the alleged October 13, 1985, assault, and that there is no reasonable or legal basis on which to charge the employer with such constructive knowledge prior to her report of that alleged event.

5. ... If Melvin Henderson committed the sexual harassment and intentional torts alleged in the complaint, his unlawful actions were not within the course and scope of his employment or agency, but were instead beyond the course and scope of his employment or agency and were specifically contrary to and in disregard for his employer's interests.

6. ... The unlawful actions, injuries, and working environment which allegedly give rise to Ms. Saulsberry's cause of action under Title VII of the Civil Rights Act of 1964 are also those for which Ms. Saulsberry seeks recovery under each additional cause of action stated in her complaint.

7. ... There is no factual or legal basis for attribution of any alleged malice, bad faith, or ill will on the part of Melvin Henderson to any other defendant and that there is no independent factual or legal basis for assessment of punitive damages against any defendant.

### EFFECT OF ADMISSIONS

The complaint seeks recovery on five separate theories. There are three separate defendants, Atlantic Richfield Company, ARCO Chemical, and Melvin Henderson. The complaint does not specify which theory applies to any given defendant but prays for judgment against all defendants jointly and severally. The

court will, therefore, consider the effect of the above admissions on each claim against each defendant.

### Title VII

■ 42 U.S.C. § 2000e–2(a) forbids "unlawful employment practices" by an "employer" which "discriminate against any individual with respect to this compensation, terms, conditions, or privileges of employment because of such individual's ... sex." An employer is defined in 42 U.S.C. § 2000e(b) as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." The definition of "employer" is to be liberally construed and nominally independent entities may be found to be a single employer upon showing of "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." The second factor, centralized control of labor relations, is to be accorded the most weight. *See Chaiffetz v. Robertson Research Holding, Ltd.,* 798 F.2d 731, 735 (5th Cir.1986).

The right to proceed privately following issuance of a "right to sue" letter is limited by 42 U.S.C. § 2000e–5(f)(1) to "the respondent named in the charge ... by the person claiming to be aggrieved."

■ Although this ground is alleged against Melvin Henderson, it is clearly inapplicable to him. Henderson was not Saulsberry's employer and, therefore, has no liability under Title VII.

■ The EEOC charge did not name Atlantic Richfield Company as an employer. Saulsberry is deemed to have admitted that her "employer at all times relevant to this action has been ARCO Building Products, an operating unit of ARCO Chemical Company." Under Fed.R.Civ.P. 56(c), the party moving for summary judgment bears the burden of informing the court of the basis of its motion and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions which demonstrate the absence of a genuine issue of material fact. Atlantic Richfield has met this requirement by showing that both the EEOC charge and Saulsberry's admission exclude it from employer status.

In response, Saulsberry states without citation that the plaintiff in Title VII litigation "may expand on the allegations set forth in the EEOC charge to include other parties and allegations." Fed.R.Civ.P. 56(e) requires the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." To find two independent entities to be a single employer, the plaintiff must show several areas of commonality between the two entities, principal of which is centralized control of labor relations. *Chaiffetz,* 798 F.2d at 735. To avoid summary judgment on this issue, the plaintiff had an obligation to designate facts showing that there was a genuine issue of material fact as to whether there was centralized control of labor relations between the two entities. This Saulsberry has entirely failed to do. Atlantic Richfield's motion for summary judgment as to this issue should be granted. The Title VII claims should proceed as to ARCO Chemical alone.

### Intentional Infliction of Emotional Distress and Assault

■ The complaint alleges that Henderson committed several acts constituting the intentional torts of assault and intentional infliction of emotional distress. The complaint alleges imputed liability under the doctrine of *respondeat superior* against Atlantic Richfield Company and ARCO Chemical Company. Mississippi law states that an employer is responsible for his employee's torts only when they are committed within the scope of his employment—when the act was done as a means of furthering his master's business. *Odier v. Sumrall,* 353 So.2d 1370, 1372 (Miss. 1978).

Saulsberry is deemed to have admitted that Henderson's "unlawful actions were not within the course and scope of his employment or agency, but were instead beyond the course and scope of his employment or agency and were specifically contrary to and in disregard for his employer's interests." Under this admission, there is no *respondeat superior* liability as to either Atlantic Richfield Company or ARCO

Chemical Company. The intentional infliction of emotional distress and assault charges should proceed as to Melvin Henderson alone.

### Breach of Contract and Wrongful Discharge Claims

■ Mississippi does not generally recognize a tort of wrongful discharge. Employment for an indefinite term not supported by consideration above and beyond the provision of services for wages is viewed as an employment at-will. *Perry v. Sears, Roebuck & Co.*, 508 So.2d 1086 (Miss.1987). Both breach of contract and wrongful discharge therefore require the existence of a contract. Saulsberry is deemed to have admitted that there were no express or implied contracts of employment between "the plaintiff and any defendant at any time relevant to this proceeding." These claims may not properly proceed against any defendant.

### Summary of Effect of Admissions

The court concludes from the above that no valid claims are stated against Atlantic Richfield Company. Atlantic Richfield Company should be dismissed as a defendant. ARCO Chemical Company has only one valid claim stated against it—that under Title VII of the Civil Rights Act of 1964. Melvin Henderson has two valid claims stated against him—intentional infliction of emotional distress and assault. Jurisdiction is in this court under 28 U.S.C. § 1331 because of the claim under Title VII against ARCO Chemical Company. Defendant Melvin Henderson is a pendent party to this action. The court has no independent jurisdiction over the state law claims against Henderson under 28 U.S.C. § 1331. Henderson is not diverse from Saulsberry so the court has no independent jurisdiction under 28 U.S.C. § 1332.

### EXERCISE OF PENDENT JURISDICTION IS DISCRETIONARY

■ The power to exercise pendent jurisdiction exists whenever there is such a relationship between a claim brought under 28 U.S.C. § 1331 and a state law claim that the court may conclude that "the entire action before the court comprises but one constitutional 'case'." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Such a determination requires that both the federal and state claims arise from "a common nucleus of operative fact." *Id.* Here the repeated attempts by Henderson to seduce Saulsberry which constitute the core of the intentional infliction of emotional distress claim are essential to the claim against ARCO Chemical Company under Title VII. The attempted rape which constitutes the core of the assault charge is also essential to the Title VII claim against ARCO Chemical. Clearly, the court may exercise jurisdiction over these claims.

Pendent power jurisdiction is discretionary and should only be exercised if consideration of "judicial economy, convenience, and fairness to litigants" indicate that such exercise is proper. Plaintiff in this cause has demanded a jury trial. Of the two remaining defendants, only the claims against Henderson may be tried by a jury. The Title VII claim against ARCO Chemical Company may not be heard by the jury. Many facts not relevant to the assault and intentional infliction of emotional distress claims against Henderson may be admissible in the Title VII claim against ARCO Chemical Company. Jury confusion as to the issues at trial is a genuine possibility.

■ The court is concerned that the pendent state claims may be time barred under Miss. Code Ann. § 15–1–35 (1972). *See Guthrie v. J.C. Penney Co.*, 803 F.2d 202 (5th Cir.1986). Dismissal of a pendent claim is an abuse of discretion where the statute of limitations has already run. *L.A. Draper & Son v. Wheelabrator–Frye, Inc.*, 735 F.2d 414, 428 (11th Cir.1984); *O'Brien v. Continental Illinois National Bank & Trust Co.*, 593 F.2d 54, 64–65 (7th Cir.1979). In such instances, a conditional dismissal designed to insure the plaintiff's access to the state forum is appropriate. *Duckworth v. Franzen*, 780 F.2d 645, 657 (7th Cir.1985), *cert. denied*, —— U.S. ——, 107 S.Ct. 71, 73 L.Ed.2d 28 (1986); *Financial General Bankshares, Inc. v. Metzger*, 680 F.2d 768, 778 (D.C.Cir.1982); *Brewer v. City of El Cerrito*, 666 F.Supp. 1346 (N.D. Cal.1987).

The court concludes that judicial economy, fairness, and convenience will be

served by trying the state law claims against Melvin Henderson in state court. The court, therefore, exercises its discretion to dismiss the pendent state claims upon the following conditions:

1. Defendant Melvin Henderson shall submit to the jurisdiction of the Circuit Court of DeSoto County.

2. Defendant Melvin Henderson shall waive or toll all statutes of limitations for the period from the date of the filing of this action to the date of this order.

3. Defendant Melvin Henderson shall consent to the use of discovery taken in this action in the state court cause.

Upon compliance with these conditions, the pendent claims will be dismissed.

An appropriate order shall issue.