Connie SARGENT, Plaintiff,

v.

Brenda McGRATH, Commonwealth, Inc., et al., Defendants.

No. 87–C–240.

United States District Court, E.D. Wisconsin.

May 17, 1988.

Spector & Berlin by Jeffrey Berlin, Milwaukee, Wis., for plaintiff.

Quarles & Brady by David Jarvish and Lynne English, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff, Connie Sargent, commenced this action in March 1987. Ms. Sargent alleges that the defendants unlawfully terminated her employment with "Hit or Miss," a women's apparel store, because of her race and in retaliation for her filing a discrimination charge with the Wisconsin Equal Rights Division. She further alleges that, by their acts, the defendants violated 42 U.S.C. § 2000e–5 [Title VII] and 42 U.S. C. § 1981. The plaintiff filed this action to recover back wages and other monetary damages.

One of the defendants, Zayre Corporation, has moved to dismiss the plaintiff's complaint against it. Because Zayre's mo-

tion refers to matters outside of the pleadings including affidavits, deposition transcripts and corporate annual reports, Zayre's motion will be treated as one for partial summary judgment and disposed of pursuant to Rule 56, Federal Rules of Civil Procedure. In light of the standards governing resolution of motions for summary judgment, I am persuaded that this motion should be denied.

## BACKGROUND

Connie Sargent was hired as a sales associate in the Grand Avenue's Hit or Miss store in June 1984. In October 1984, she filed a discrimination charge against Hit or Miss with the Wisconsin equal rights division, alleging that black sales associates received smaller wages than white associates. Ms. Sargent received a raise and was ultimately transferred to another Milwaukee area Hit or Miss. In May 1985, Ms. Sargent's supervisor, Brenda McGrath, fired Ms. Sargent. Ms. Sargent filed two more administrative discrimination charges against Hit or Miss, alleging that her termination was based on discrimination and in retaliation for the charge which she filed in October 1984. Unable to process her claims within 180 days as statutorily provided, the equal rights division issued a Notice of Right to Sue in December 1986.

Ms. Sargent commenced the instant action against Zayre Corporation, Brenda McGrath, and Commonwealth, Inc., which owns and operates the Hit or Miss retail chain. Commonwealth is a wholly owned subsidiary of Zayre Corporation. As a side matter, the defendants have asserted since early in this case that the correct name for "Commonwealth, Inc." is "Commonwealth Trading, Inc." At a status conference in June 1987, the parties promised to submit a stipulation correcting Commonwealth's name. To date, no such stipulation has been provided to the court. I now remind the plaintiff that her lawyer should take the laboring oar to draft, circulate, serve and file such a stipulation. In the meantime, however, I will assume that the name change will be consummated and will refer simply to "Commonwealth", meaning Commonwealth Trading, Inc.

In their instant motion for partial summary judgment, the defendants contend that Zayre Corporation, the parent corporation of Commonwealth, may not be sued for the acts of its wholly-owned subsidiary and its employees. In its brief, Zayre also puts forward an alternative ground for its motion. It contends that because Zayre was not named in Ms. Sargent's administrative discrimination charges, this court is without jurisdiction to adjudicate the plaintiff's Title VII claim against Zayre. *See* 42 U.S.C. § 2000e–5(f)(1).

## ANALYSIS

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment is appropriate if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." If there is a "genuine issue of material fact which is the basis of at least one of the essential elements of the underlying claim," *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988), a motion for summary judgment must be denied. *See also Roman v. U.S. Postal Service*, 821 F.2d 382, 382 (7th Cir. 1987).

Not every dispute of fact will defeat summary judgment. Only disputes of material fact are dispositive, and whether a fact is dispositive depends on the law underlying a specific case. "[O]nly disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The court should indulge all reasonable inferences in favor of the person opposing the motion for summary judgment." *Robbins v. Lynch*, 836 F.2d 330, 333 (7th Cir. 1988).

Certain facts of this case are not matters of dispute. Both parties agree that Zayre is the parent corporation of Commonwealth. However, this uncontroverted fact does not dispose of the pending summary judgment motion. In the absence of special circumstances, a parent

corporation is not liable for the Title VII and section 1981 violations of its wholly owned subsidiary. The material facts still at issue in this case are whether such circumstances are present.

■ Although the court of appeals for the seventh circuit has not addressed the question, I am persuaded that several cases from other jurisdictions provide clear direction on the law underlying the question of whether a parent corporation is sufficiently related to its subsidiary to render it amenable to suit under Title VII and 42 U.S.C. § 1981. Essentially, the determinative factual considerations are whether the parent and its subsidiary are unusually integrated with respect to the operation and organization of labor relations.

In *Armbruster v. Quinn*, 711 F.2d 1332 (6th Cir.1983), the court of appeals for the sixth circuit has adopted a four part test approved by the Supreme Court in *Radio Union v. Broadcast Service*, 380 U.S. 255 (1965) (four factor test used to determine whether related entities may be considered as a single employer for purposes of National Labor Relations Board jurisdiction), to evaluate the degree of interrelationship between parent and its subsidiary. Under the *Radio Union/Armbruster* test, a court must assess the degree of: 1) interrelated operations, 2) common management, 3) centralized control of labor relations, and 4) common ownership.

These standards suggest that the analysis is based on consideration of ordinary principles of corporate law. *See Armbruster, supra*, 711 F.2d at 1337. Indeed, corporate law analysis has been employed by the court of appeals for this circuit in determining whether a parent corporation is liable for the general obligations of it subsidiary. "A parent corporation, like an individual shareholder, ordinarily is not liable for the debts of a subsidiary beyond the parent's investment in the subsidiary. It has the same protection of limited liability that an individual shareholder would have; whether the conditions for 'piercing the corporate veil' might be satisfied here we need not consider." *Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794, 798 (7th Cir.1986).

■ To substantiate its assertion that Zayre is insufficiently interrelated with Commonwealth to warrant a piercing of the corporate veil such that Zayre should be held accountable for the Commonwealth's acts of discrimination, Zayre relies on the deposition testimony of James Rizzo, former manager of Commonwealth's "human resource assets" and an affidavit of Irving Ritz, vice president of labor relations for Zayre. According to both Messrs. Rizzo and Ritz, the labor relations policies and organizations of the two companies operated independently. Based on this information, Zayre contends that there is no centralized control of labor relations between it and Commonwealth, a consideration which at least one court has deemed "principal," *Saulsberry v. Atlantic Richfield Co.*, 673 F.Supp. 811, 815 (N.D.Miss. 1987).

Ms. Sargent has, however, supplied documentation establishing that the Mr. Ritz, the Zayre officer who submitted an affidavit indicating that his corporation's labor relations operations were separate from those of Commonwealth, himself signed a settlement agreement to resolve another discrimination dispute involving a Hit or Miss/Commonwealth employee, Sheryle Cunningham. Zayre refers to James Rizzo's testimony that *he* handled the Cunningham dispute, but this does not negate the plaintiff's showing that Irving Ritz signed the ultimate conciliation agreement; the reasonable inference that must be drawn in favor of the plaintiff is that Mr. Ritz had some involvement in this Commonwealth labor relations matter. In addition, portions of Mr. Rizzo's deposition indicate that he interacted with Zayre's human resources vice president regarding labor relations at least with respect to benefits.

It appears, therefore, that there is not *complete* independence between the labor relations policies of Zayre and Commonwealth. The plaintiff's showings regarding the cross-overs between management personnel and stock ownership provide additional support for her position; however,

such showings are not dispositive. In my opinion, demonstration of the latter conditions does little more than establish that there exists between Zayre and Commonwealth a "normal" parent-subsidiary relationship, one in which "the subsidiary corporation could in no way be called a 'sham.'" *Hassell v. Harmon Foods, Inc.,* 336 F.Supp. 432, 433 (1971).

Nevertheless, viewing the record in a light most favorable to Ms. Sargent, as I must in this matter, I am persuaded that even the rather weak showing of a connection in labor relations between the two corporations raises a genuine issue of material fact for trial with respect to the nature and extent of the interrelationship between Zayre and its subsidiary. I conclude, therefore, that Zayre is not entitled to judgment as a matter of law.

■ I also find that Zayre's alternative ground for dismissal does not warrant the relief it seeks. In light of the directions and policies articulated by the court of appeals in *Eggleston v. Chicago Journeymen Plumbers,* 657 F.2d 890, 892, 908 (7th Cir.1981), I am persuaded that Ms. Sargent's failure to name Zayre in her equal rights division charges does not deprive this court of jurisdiction over her claim against Zayre. There is no evidence that Ms. Sargent knew or should have known of Zayre's relationship to her immediate employer, Commonwealth. Nor has Zayre been in any way prejudiced; the administrative proceeding expired after the passage of time and not after a consideration of the merits. Furthermore, the interests of Zayre are ably represented along with those of Commonwealth; the two corporations are represented by the same counsel.

Therefore, IT IS ORDERED that the defendants' motion to dismiss Zayre Corporation, treated as a motion for partial summary judgment, be and hereby is denied.