# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 2007-CA-01247-SCT

*MONTY FLETCHER*

*v.*

*LIMECO CORPORATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/02/2007 |
| TRIAL JUDGE: | HON. SHARION R. AYCOCK |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MICHAEL N. WATTS |
| | R. BRADLEY BEST |
| | JULIE MURPHY BURNSTEIN |
| | PETER C. SALES |
| ATTORNEYS FOR APPELLEE: | L. F. SAMS, JR. |
| | MARGARET SAMS GRATZ |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 12/11/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH
## NO. 2007-CA-01249-SCT

*R. W. WHITAKER*

*v.*

*LIMECO CORPORATION AND WILLIAM KIDD*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/02/2007 |
| TRIAL JUDGE: | HON. SHARION R. AYCOCK |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MICHAEL N. WATTS |
| | R. BRADLEY BEST |
| | JULIE MURPHY BURNSTEIN |
| | PETER C. SALES |
| ATTORNEYS FOR APPELLEES: | L. F. SAMS, JR. |
| | MARGARET SAMS GRATZ |

NATURE OF THE CASE:            CIVIL - CONTRACT
DISPOSITION:                  AFFIRMED - 12/11/2008
MOTION FOR REHEARING FILED:
MANDATE ISSUED:


**CONSOLIDATED WITH
NO. 2007-CA-01262-SCT**


*T-REX 2000, INC.*

*v.*

*BRETT KIDD AND JAMIE KIDD*

DATE OF JUDGMENT:             04/27/2007
TRIAL JUDGE:                  HON. PAUL S. FUNDERBURK
COURT FROM WHICH APPEALED:    LEE COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:      MICHAEL N. WATTS
                              R. BRADLEY BEST
                              JULIE MURPHY BURNSTEIN
                              PETER C. SALES
ATTORNEYS FOR APPELLEES:      L. F. SAMS, JR.
                              MARGARET SAMS GRATZ
NATURE OF THE CASE:           CIVIL - CONTRACT
DISPOSITION:                  AFFIRMED - 12/11/2008
MOTION FOR REHEARING FILED:
MANDATE ISSUED:


**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.    The plaintiffs in three cases, T-REX 2000, Inc., R.W. Whitaker, and Monty Fletcher

(hereinafter "Plaintiffs"), sued the defendants, William Kidd, Brett Kidd, Jamie Kidd, and

Limeco Corporation (hereinafter "Defendants"), in Lee County Circuit Court for alleged

debts owed pursuant to a stock-purchase agreement and promissory notes.  In due course, the

Plaintiffs' actions were dismissed due to insufficiency of process and insufficiency of service

of process. *See* Miss. R. Civ. P. 12(b)(4)-(5). The Plaintiffs appealed to us. Finding no error, we affirm.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2. The three consolidated cases before this Court stem from contract negotiations that began in 2001 for the purchase of the T-Rex 2000 hockey team in Tupelo. This appeal, however, does not concern the alleged breach of contract, but the procedural history of the three suits. These three complaints were filed on December 11, 2003, in the Circuit Court of Lee County.

¶3. First, Plaintiff T-REX 2000, Inc., filed suit against Brett Kidd and Jamie Kidd for alleged breach of a stock-purchase agreement (hereinafter the "T-REX case"). The Plaintiffs in T-REX served William Kidd with the complaint and two summonses which had been issued for service on Brett Kidd and Jamie Kidd.[1] The second lawsuit was filed by R.W. Whitaker against Limeco Corporation and William Kidd (hereinafter the "Whitaker case") based on the allegation that Limeco and Kidd had failed to pay a $375,000 promissory note. The third lawsuit was filed by Monty Fletcher against Limeco (hereinafter the "Fletcher case") alleging that Limeco had breached a second $375,000 promissory note. The Whitaker and Fletcher complaints were served on January 23, 2004, via hand-delivery on William Kidd as managing director of Limeco at the residence shared by William and Brett Kidd. All three summonses issued for service on the Defendants and served on William Kidd read: "You are not required to file an answer or other pleading but you may do so if you desire."

---

[1]Brett Kidd and Jamie Kidd are the son and daughter, respectively, of William Kidd.

3

This language erroneously complied with requirements for a Rule 81 summons, not a summons consistent with the requirement of Rule 4. *See* Miss. R. Civ. P. 81 and 4.

¶4.   William Kidd, *pro se*, and on behalf of himself, Limeco, Jamie Kidd and Brett Kidd drafted, hand-delivered and mailed to the Plaintiffs' former counsel responses to the three complaints. These responses were served on the Plaintiffs' counsel on February 20, 2004; yet Mr. Kidd–in accordance with the plain language of the summons that the filing of "an answer or other pleading" was not required–did not file the answers with the circuit clerk's office. None of the unfiled responses included the defenses of insufficiency of process or insufficiency of service of process pursuant to Mississippi Rule of Civil Procedure 12(b)(4)-(5).

¶5.   Upon the entry of the clerk's default pursuant to Mississippi Rule of Civil Procedure 55(a), the Plaintiffs in all three cases moved for the entry of a default judgment pursuant to Mississippi Rule of Civil Procedure 55(b). Former counsel for the Plaintiffs falsely testified via affidavit attached to the motion for default judgment that no answer had been filed or served. The Kidds did not receive the requisite notice of the motion for default judgment; however, default judgments were later entered in each of the three cases. The Kidds had no knowledge of these default judgments until the new counsel retained by T-REX, Whitaker, and Fletcher filed Notice to Enroll Foreign Judgments in the Franklin County, Alabama, Circuit Court, seeking to enforce the Lee County default judgments. The Kidds and Limeco filed Motions to Set Aside the Default Judgments and for other relief on September 20, 2006, alleging that the default judgments were improper because they had served responsive pleadings on the former counsel for Plaintiffs. The Plaintiffs conceded that the default

4

judgments had been improperly entered without notice to the Kidds or Limeco, and the parties submitted agreed orders setting aside the default judgments, which the circuit judge executed and caused to be filed in each of the cases. Furthermore, each order provided that that the "Defendants shall have thirty days from [the date of the order] in which to file a responsive pleading."

¶6. The defendants then filed their answers to the complaints in the T-REX, Whitaker, and Fletcher cases on December 11, 2006. These answers raised the defenses of insufficiency of process and insufficiency of service of process pursuant to Mississippi Rule of Civil Procedure 12(b)(4)-(5). On December 15, 2006, the Kidds and Limeco filed Motions to Dismiss for Lack of Service of Process as to each cause of action. The Plaintiffs opposed these motions in each of the three cases. Following a March 20, 2007, hearing, the Lee County Circuit Court, Judge Sharion R. Aycock presiding, dismissed the Whitaker and Fletcher cases without prejudice, based on the findings that process and service of process were insufficient and that proper service had not been had within 120 days as required by Mississippi Rule of Civil Procedure 4(h). The Lee County Circuit Court, Judge Paul Funderburk presiding, following an April 24, 2007, hearing, dismissed the T-REX case without prejudice based on the same findings. The Plaintiffs filed timely motions to alter or amend the judgments in each of the cases, all of which were denied by the respective trial judges. The Plaintiffs timely appealed to us in each of these cases, and we have now consolidated the cases on appeal.

**DISCUSSION**

¶7.     This Court reviews de novo a trial court's grant of a motion to dismiss. ***Vicksburg Partners, L.P. v. Stephens***, 911 So. 2d 507, 513 (Miss. 2005) (citations omitted); ***Spencer v. State***, 880 So. 2d 1044, 1045 (Miss. 2004). A trial court can acquire jurisdiction over an individual through service of process. ***Mansour v. Charmax Indus***., 680 So. 2d 852, 854 (Miss. 1996) (citing ***Aldridge v. First Nat'l Bank***, 165 Miss. 1, 14, 144 So. 469, 470 (1932)). In addition, a trial court can acquire jurisdiction over the person through his appearance. ***Id.*** (citing ***State ex rel Moak v. Moore***, 373 So. 2d 1011, 1012 (Miss. 1979)). Without either occurrence, the trial court does not have jurisdiction over the person. ***Id***. (citing ***Moore***, 373 So. 2d at 1012). This Court has stated, "Whether the circuit court had proper jurisdiction to hear a particular matter is a question of law, and this Court must therefore apply a de novo standard of review to this issue." ***Vicksburg Partners***, 911 So. 2d at 513 (citations omitted).

¶8.     Process and service of process are governed by Mississippi Rule of Civil Procedure 4. Mississippi Rule of Civil Procedure 12 governs the manner in which defenses must be raised. A court can consider the affirmative defenses of insufficiency of process and insufficiency of service of process only if they are properly raised and have not been waived. Mississippi Rule of Civil Procedure 12(h)(1) states, in pertinent part:

> A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by a motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

¶9.     On appeal the Plaintiffs request that the orders dismissing the T-REX, Whitaker, and Fletcher complaints be reversed and the cases remanded for trial. The Plaintiffs raise the following two issues for this Court's review:

> (1) Did the trial court err in holding that the process issued to the Defendant Limeco Corporation did not substantially comply with Mississippi Rule of Civil Procedure 4(b) where the summons contained the essential elements of a summons established by Rule 4?
>
> (2) Did the trial court err in holding that the Defendants Brett Kidd, Jamie Kidd, William Kidd, and Limeco Corporation did not waive their defenses of insufficient process and insufficient service of process where the Defendants served answers to the complaints and failed to assert any affirmative defenses based on insufficiency of process or insufficiency of service of process?

¶10.    For the sake of today's discussion, we restate these issues.

**I.      WHETHER PROCESS AND SERVICE OF PROCESS SUBSTANTIALLY COMPLIED WITH MISSISSIPPI RULE OF CIVIL PROCEDURE 4(b).**

¶11.    Mississippi Rule of Civil Procedure 4(b) states:

> The summons shall be dated and signed by the clerk, be under the seal of the court, contain the name of the court and the names of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which these rules require the defendant to appear and defend, and shall notify him that in case of his failure to do so judgment by default will be rendered against him for the relief demanded in the complaint. Where there are multiple plaintiffs or multiple defendants, or both, the summons, except where service is made by publication, may contain, in lieu of the names of all parties, the name of the first party on each side and the name and address of the party to be served. *Summons served by process server shall substantially conform to Form 1A. Summons served by sheriff shall substantially conform to Form 1AA.*

(Emphasis added).

¶12.    The summonses issued in the three cases did not substantially conform with either Form 1A or Form 1AA, but instead included language consistent with a Rule 81 summons.

7

*See* Summons Forms 1D, 1DD. Consequently, Defendant William Kidd was instructed that a failure to appear and defend may result in default judgment; however he was not instructed to "file the original . . . response with the Clerk of this Court within a reasonable time afterward." Instead William Kidd received a summons that reads as follows: "You are not required to file an answer or other pleading but you may do so if you desire." William Kidd complied with this summons when he served the Plaintiffs' attorney with a response, but did not file it. We unquestionably find that a summons does not substantially comply with the requirements of Mississippi Rule of Civil Procedure 4 when, as here, the Rule 4 summons includes language contrary to the procedural requirements. Because the summons was deficient on its face, we find that the trial court did not err in holding that the process issued to the Defendants did not comply with Mississippi Rule of Civil Procedure 4(b), and that dismissal without prejudice was required due to failure to serve valid process upon the defendants within 120 twenty days of the filing of the complaint pursuant to Mississippi Rule of Civil Procedure 4(h). *See Johnson v. Thomas Ex Rel. Polatsidis*, 982 So. 2d 405, 411 (Miss. 2008). We thus find no merit in this assignment of error.

¶13.    Plaintiffs state that service of process is sufficient as to Limeco in the Whitaker and Fletcher cases, yet cite no facts or authority in support of this premise. The Defendants do not contest the service had in the *Fletcher* case on William Kidd because he was served in his official capacity as managing director of Limeco. *See* Miss. R. Civ. P. 4(d)(4). To the contrary, Defendants contend that in the *Whitaker* case, service of process was insufficient where William Kidd was served as director of Limeco, but was not served in his individual capacity despite having been named as an individual defendant. The official Comment to

Mississippi Rule of Civil Procedure 4 states, "After an action is commenced, the clerk is required to issue a separate summons for each defendant except in the case of summons by publication." Since Plaintiffs do not argue sufficiency of service of process as to William Kidd in the *Whitaker* case, it is presumed that Plaintiffs concede this issue. Moreover, Plaintiffs do not contend that service of process was sufficient as to Jamie and Brett Kidd in the *T-REX* case wherein William Kidd was served on their behalf. As to Jamie Kidd, an out-of-state resident, service on her father, William Kidd, at William's residence was insufficient. William Kidd's residence was not the "defendant's usual place of abode" as contemplated by Mississippi Rule of Civil Procedure 4(d)(1)(B). Although Brett Kidd shared a residence with his father, service of process on Brett was insufficient where Plaintiffs failed to follow up delivery of the summons to William by mailing a copy of the summons and complaint to Brett. Mississippi Rule of Civil Procedure 4(d)(1) (Rev. 2008) dictates:

> The summons and complaint shall be served together. Service by sheriff or process server shall be made as follows:
>
> (1) Upon an individual other than an unmarried infant or a mentally incompetent person,
>
> (A) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process; or (B) if service under subparagraph (1)(A) of this subdivision cannot be made with reasonable diligence, by leaving a copy of the summons and complaint at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing.

*See also* **Williams v. Kilgore**, 618 So. 2d 51, 56 (Miss. 1992) (finding insufficient service of process where defendant's summons was left at his residence with his spouse, but never mailed to the residence where process was delivered). Having found that the trial court did not err in finding insufficiency of process and insufficiency of service of process, we now proceed to our discussion as to whether Defendants waived these defenses.

II. **WHETHER DEFENDANTS' 2004 RESPONSE TO ORIGINAL COMPLAINT SERVED AS A WAIVER TO THE DEFENSES OF INSUFFICIENCY OF PROCESS AND INSUFFICIENCY OF SERVICE OF PROCESS.**

¶14.   The Plaintiffs argue alternatively that, should this Court find process deficient, the Defendants have waived the defenses of insufficiency of process and insufficiency of service of process.  The issue before us is essentially whether the document William Kidd drafted and served on Plaintiffs' former counsel was a valid answer despite having not been filed with the trial court.  Pursuant to Mississippi Rule of Civil Procedure 5(d), "All papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter. . . ." Without question, a valid answer would have effectively served to bar the Defendants from asserting insufficiency of process and insufficiency of service of process defenses.  *See* Miss. R. Civ. P. 12(h)(1).

¶15.   In the three consolidated cases, William Kidd responded pro se to Plaintiff's counsel on behalf of himself, Limeco, and Brett and Jamie.  His response did not assert the defenses of insufficiency of process or insufficiency of service of process pursuant to Mississippi Rule of Civil Procedure 12(b)(4)-(5), nor did he amend his response within the requisite thirty days as required by Mississippi Rule of Civil Procedure 15(a) to include these defenses.  The

Plaintiffs contend that this response constituted a valid answer and served as a bar for raising 12b(4)-(5) defenses. Furthermore, the Plaintiffs argue that the agreed-upon order to set aside the default judgment did not grant the Kidds an opportunity pursuant to Mississippi Rule of Civil Procedure 15(a) to amend their initial answer to include these defenses. This Court has never addressed the issue of whether the failure to file a document renders such document invalid; however, this issue has been addressed at the federal level.

¶16.    The Defendants cite two cases in support of their contention that the first response William Kidd drafted and served to opposing counsel was invalid. In *Saulsberry v. Atlantic Richfield Co.*, 673 F. Supp. 811, 814 (N.D. Miss. 1987), the court held that an attorney's response to the defendant's request for admission was invalid because it was not properly filed with the court pursuant to Federal Rule of Civil Procedure 5(d), which – just like its Mississippi counterpart – requires all documents following the complaint to be filed with the court. Federal District Court Uniform Local Rule 6(e) makes an exception only for depositions, but all other documents must be filed with the court. *Id*. The court held that the statements must be deemed admitted because the response was ineffective. *Id*. This was also the interpretation by the Southern District court in *McLaurin v. Werner*, 909 F. Supp. 447 (S.D. Miss. 1995), in which McLaurin's unfiled response mailed to the opposing party's attorney was held to be ineffective. The federal district courts' interpretation of Federal Rule of Civil Procedure 5(d) is highly persuasive, given that the Mississippi Rules of Civil Procedure, with few exceptions, were developed to comport with the Federal Rules of Civil Procedure.

¶17.   The dissent distinguishes these federal cases based on the fact that those cases involved pleadings not filed due to the attorneys' error or willful disregard for procedure. The reason for not filing, however, should not be determinative of whether a pleading is valid or invalid.   The fact that a pleading is not filed should mean–as a matter of blackletter law–that the pleading is per se invalid.   While this Court has given a very broad interpretation of a what constitutes an answer pursuant to Mississippi Rule of Civil Procedure 8(b), it has never held that an answer that has not been filed was valid.   In ***Wheat v. Eakin***, 491 So. 2d 523 (Miss. 1986), Wheat, acting pro se, filed with the circuit clerk's office a handwritten document that became the point of contention in the case – specifically whether the document constituted an answer.   ***Id***. at 524.   In ***Wheat***, this Court held that "[w]hile the form and language of the appellant's response are less than desirable and more frank than customary, the appellant did state in short and plain terms his general denial of appellees' claims." ***Wheat v. Eakin***, 491 So. 2d 523, 524 (Miss. 1986).   Notably, the less-than-desirable response at issue in ***Wheat*** was filed with the circuit clerk's office.

¶18.    In ***Harrison v. Mississippi Bar***, 637 So. 2d 204 (Miss. 1994), this Court reviewed a default judgment against an attorney in a disciplinary proceeding due to the attorney's failure to respond.   Harrison contended that her response to the summons and complaint, in letter form, constituted an "answer." ***Id***. at 215.   This Court, however, dismissed that contention based on the following: (1) it was not in the form of an answer, (2) it was not filed with the clerk of the court, (3) and it was not filed within the requisite twenty-day period required by Mississippi Rule of Discipline 8.3. ***Id.***   While the filing requirement relied upon in ***Harrison*** was prescribed by Rule of Discipline 8.4 and not by Mississippi Rule of Civil Procedure

12

5(d), the premise is the same. Harrison's answer was invalid for the aforementioned reasons. William Kidd's response, while taking the form of an answer, was never filed with the clerk. It was never filed because William's deficient and ineffective process instructed him that "[y]ou are not required to file an answer or other pleading." In the end, the Plaintiffs simply cannot capitalize on their own folly as to the erroneous language that instructed William Kidd he was not required to file an answer.

¶19.    The Plaintiffs argue that William Kidd's response on February 20, 2004, constitutes an appearance in each case. They rely on *King v. Sigrest*, 641 So. 2d 1158, 1162 (Miss. 1994), for the premise that under Mississippi Rule of Civil Procedure 55, even an unfiled motion constitutes an appearance; therefore, according to the Plaintiffs, the Defendants collectively waived their defenses following this initial appearance and the significant delay thereafter. There is no question that default judgment in this case was improper, as both parties have conceded this point. For the purposes of Mississippi Rule of Civil Procedure 55, a party need only make "an indicia of defense or denial of the allegations of the complaint" to be entitled to three days' notice of the application of default judgment. *Wheat v. Eakin*, 491 So. 2d 523, 525 (Miss. 1986). William Kidd's response may have met the requirements of Mississippi Rule of Civil Procedure 55 to require three days' notice of application for default judgment, but it was not a valid answer, because it did not comport with the filing requirement of Mississippi Rule of Civil Procedure 5(d).

¶20.    The Plaintiffs further argue that an appearance coupled with delay serves as a waiver. The delay is insignificant because the defenses were neither raised in a valid answer, nor did the Defendants participate in the lawsuit on record until September 2006. This Court has

13

stated, "[a] defendant's failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver." *East Miss. State Hosp. v. Adams*, 947 So. 2d 887, 891 (Miss. 2007) (citing *MS Credit Ctr., Inc. v. Horton*, 926 So. 2d 167, 181 (Miss. 2006)). The Defendants, however, did not actively participate in the lawsuit, nor were they even aware of the default judgment until the Plaintiffs sought to enforce the judgment in 2006 in an Alabama circuit court. It is unclear from the record why the Plaintiffs delayed in seeking to enforce the judgment for almost two years. The Defendants, after learning of the default judgments, filed through counsel a Motion to Set Aside Default Judgment and For Other Relief in each of the three cases. The Defendants raised, for the first time, the defenses of insufficiency of process as to the summons served on William Kidd and insufficiency of service of process as to Jamie and Brett Kidd. Since the first response drafted and served by William Kidd did not constitute a valid answer, these defenses were properly raised in the September 20, 2006, pleading – the first response filed of record by the Kidds.

¶21.    Because we have found the February 2004 pro se response by William Kidd to be an invalid answer, we find it unnecessary to address the Plaintiff's argument that the Defendants improperly amended the February 2004 response under Mississippi Rule of Civil Procedure 15. The first answer of record in December 2006 was filed as a result of the agreed orders entered by the trial court setting aside the default judgments and allowing the Defendants "thirty days from this date in which to file a responsive pleading." There is no indication from the agreed orders that the Defendants were waiving any defenses in exchange for the

14

Plaintiffs agreeing to set aside the default judgment. Therefore, the Defendants were at liberty to raise any and all defenses available to them. *See e.g.*, **Heard v. Remy**, 937 So. 2d 939, 941-42 (Miss. 2006); **Rains v Gardner**, 731 So. 2d 1192, 1194-97 (Miss. 1999); **Young v. Huron Smith Oil Co., Inc.**, 564 So. 2d 36, 38-39 (Miss. 1990). Accordingly, this issue is without merit.

## CONCLUSION

¶22. For all of the aforementioned reasons, having found no error, the Lee County Circuit Court's entry of orders of dismissal without prejudice in these three cases pursuant to Mississippi Civil Procedure 4(h) is affirmed.

¶23. **AFFIRMED.**

**SMITH, C.J., WALLER, P.J., DICKINSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, P.J., AND EASLEY, J. LAMAR, J., NOT PARTICIPATING.**

**GRAVES, JUSTICE, DISSENTING:**

¶24. Courts should strive to reach equitable results when adjudicating the disputes before them. It is admittedly difficult to achieve an equitable result in this case, given the litigation errors committed by both sides, as well as the passage of time since the inception of this case.

¶25. I write separately to stress the fact that the defendants are by no means blameless in allowing this lawsuit to degenerate to its current state. William Kidd testified at a deposition in this case and stated that, at that time, he was the managing director of a corporate entity, that he owned several others, and that he had hired counsel on prior occasions to represent these entities in other legal matters. At this deposition, the following line of questioning took place:

15

Q: Mr. Kidd, how many companies do you own or are you involved with?
A: I'm not really sure. I would say more than five.
Q: That's adequate. Have any of these entities ever been sued?
A: Yes.
Q: Did you use attorneys in those cases?
A: Yes.
Q: Why did you use attorneys in those cases?
A: I guess so that I wouldn't have this problem.
Q: What problem is that?
A: Getting into an area that I wasn't familiar with.

Kidd also stated at his deposition that the reason he initially chose not hire an attorney to represent him, Limeco, or his children was because "I didn't think it was that serious right then."

¶26.   So Kidd chose to respond to the complaint on his own. The result was a two-page answer, the body of which consisted of five numbered paragraphs. Each paragraph stating only either "Agree," "Deny," or "Do not admit or deny." He then stated in closing that "the Defendant(s) jointly and severally denies [sic] validity and overall substance of Plaintiff's claim and ask that the Summons and Complaint be dismissed." At his deposition, Kidd described his thought process regarding his response to the complaint:

A: I just followed what the Complaint said. It said that I had to answer, so I answered. That was it. So I thought doing the Answer, –
Q: So by serving –
A: – it protected my rights.
Q: – by preparing and serving the Answer on opposing counsel, you thought you had preserved all your rights?
A: That's right.

¶27.   This Court holds pro se litigants to substantially the same standards of litigation conduct as attorneys. *Perry v. Andy*, 858 So. 2d 143, 146 (Miss. 2003). In this case, Kidd made a conscious, informed decision not to hire an attorney when he discovered that he, his

16

company, and his children were being sued. He decided that he could represent his rights and those of his company and children on his own. It was not until he was notified of the foreign judgment against him in Alabama that he decided that he needed to hire counsel because, apparently, it had become "that serious." Certainly, Kidd was savvy enough to know that significant claims were being made against his corporate interests. Yet, the majority appears to be creating a new standard of review for pro se litigants, unless it would also find that an attorney who acted in the same manner as Kidd had not waived the defenses of insufficient service and insufficient service of process.

¶28.  I also write separately to note that the majority's decision today has the effect of punishing the plaintiffs for litigation errors committed by their counsel. Both the wording of the summonses and the misrepresentation made to the court that the defendants had failed to respond to the complaints were clearly mistakes made by counsel. Because of the mistakes of attorneys, the plaintiffs have now lost the right to pursue their cause of action. While the plaintiffs are being punished for attorney error, the defendants reap a benefit from the careless and cavalier decision of William Kidd to proceed pro se. The result reached by the majority is an inequitable one, and, therefore, I respectfully dissent.

**DIAZ, P.J., AND EASLEY, J., JOIN THIS OPINION.**