# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-IA-01367-SCT

*CENTRAL INSURERS OF GRENADA, INC.*

*v.*

*WILLIAM GREENWOOD d/b/a ANTIQUE WOOD COMPANY OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/16/2016 |
| TRIAL JUDGE: | HON. ISADORE W. PATRICK, JR. |
| TRIAL COURT ATTORNEYS: | GALE N. WALKER |
| | THOMAS L. CARPENTER, JR. |
| | KATHRYN B. PLATT |
| | CHUCK McRAE |
| | SETH C. LITTLE |
| | RICHARD E. KING |
| | GROVER C. MONROE, II |
| | KATRINA L. MILLER |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | THOMAS L. CARPENTER, JR. |
| | CARR ALLISON |
| ATTORNEYS FOR APPELLEE: | DREW M. MARTIN |
| | CHUCK McRAE |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND REMANDED - 05/31/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., COLEMAN AND MAXWELL, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1. By interlocutory appeal, Central Insurers of Grenada, Inc., challenges the Warren County Circuit Court's denial of its motion to dismiss William Greenwood's complaint

against it for insufficient service of process. Finding error in the trial court's determination that the Mississippi Commissioner of Insurance was authorized to accept service of process on Central's behalf, we reverse the trial court's judgment and remand this case for further proceedings.

**FACTS**

¶2.     Central is a Mississippi corporation licensed by the Mississippi Insurance Commissioner to operate as an "insurance producer."[1] On July 10, 2013, William Greenwood, the owner of Antique Wood Company of Mississippi, filed a complaint in Hinds County Circuit Court against Central and three other defendants, alleging breach of contract, conspiracy, and bad faith due to the defendants' refusal to provide coverage under a commercial liability insurance policy Greenwood had purchased from them.[2] Greenwood's complaint acknowledges that Central is a Mississippi corporation, identifies Lynn Simmons Grim as Central's registered agent for service of process, and lists an address in Grenada County, Mississippi, where Grim may be served. However, Greenwood did not personally serve process on an officer or registered agent of Central, nor did he mail a copy of the complaint and summons directly to Central or its registered agent.[3] Instead, on August 9,

---

[1] An insurance producer is "a person required to be licensed under the laws of this state to sell, solicit or negotiate insurance." Miss. Code Ann. § 83-17-1(f) (Rev. 2011). The term is synonymous with an insurance agent. Miss. Code Ann. § 83-17-1(a) (Rev. 2011).

[2] The underlying facts giving rise to Greenwood's complaint are not relevant to the issues on appeal here but can be found in this Court's opinion in *Greenwood v. Mesa Underwriters Specialty Insurance Co.*, 179 So. 3d 1082, 1087 (Miss. 2015).

[3] On the other hand, the record shows that Greenwood did personally serve the registered agent of another defendant in the case, Dixie Specialty Insurers, Inc. Like Central,

2

2013, Greenwood's process server served a copy of the complaint and summons on an employee of the Mississippi Commissioner of Insurance. The Commissioner's legal process clerk then forwarded a copy of the complaint and summons, along with a notification letter, to Central via certified mail.

¶3.     Central filed its answer to the complaint on October 14, 2013, raising the affirmative defense of "failure and/or insufficiency of service of process." Central also filed a separate motion to dismiss for insufficient service of process on November 11, 2013. In its motion, Central argued that it could not be served through the Commissioner and that Greenwood never served its registered agent for service of process. Central asked the trial court to dismiss Greenwood's claims against it with prejudice due to Greenwood's failure to correct the improper service of process after receiving notice of such in Central's answer, and due to the expiration of the statute of limitations. This motion was scheduled for a hearing in January 2014.

¶4.     Prior to the hearing on Central's motion to dismiss, another defendant in the case filed a motion to transfer venue. The trial court granted this motion on January 23, 2014, and ordered Greenwood to choose between Rankin and Grenada Counties as the new venue for the case. The trial court also rejected Greenwood's assertion that Warren County was a proper choice of venue. This Court granted Greenwood's petition for interlocutory appeal and reversed the trial court's judgment, finding that Warren County was an appropriate venue for the case and that Greenwood's choice of permissible venue options controlled.

---

Dixie is a Mississippi corporation.

***Greenwood v. Mesa Underwriters Specialty Ins. Co.***, 179 So. 3d 1082, 1087 (Miss. 2015). On remand, the case was transferred to Warren County Circuit Court.

¶5.     After the transfer of venue was complete, Central noticed for a hearing its motion to dismiss. The parties submitted briefs in support of and in opposition to the motion, and a hearing was held on August 24, 2016. During the hearing, Greenwood argued that Central was an "insurance company" subject to the supervision of the Commissioner under Section 83-5-1 of the Mississippi Code. *See* Miss. Code Ann. § 83-5-1 (Rev. 2011). As such, Greenwood contended the Commissioner was authorized by law – specifically, Section 83-5-11 – to receive service of process on Central's behalf. Miss. Code Ann. § 83-5-11 (Rev. 2011). In response, Central asserted that Section 83-5-11 did not apply to it because it did not operate as an "insurance principal." Central also argued that no provision of Title 83 of the Mississippi Code required it to appoint the Commissioner as its agent for service of process.

¶6.     Following the hearing, the trial court entered an order denying Central's motion to dismiss. The basis of the trial court's ruling was that Central was a "solicitor and deliverer of application for insurance" under Section 83-21-37 of the Mississippi Code. *See* Miss. Code Ann. § 83-21-37 (Rev. 2011). Thus, the trial court concluded that "MRCP Rule 4(h) would have been satisfied by service of the summons and complaint upon the registered agent with the Secretary of State . . . or service of the summons and complaint upon the Commissioner of Insurance pursuant to Section 83-21-37, as was done in the case sub judice." The trial court also found that Central had admitted receiving the notice of service required by Section 83-5-11.

4

¶7. Aggrieved by the trial court's decision, Central filed a petition for interlocutory appeal, which this Court granted. On appeal, Central argues that the trial court erred as a matter of law in finding that Greenwood's service of process on the Commissioner was authorized by Section 83-21-37. In addition, Central argues that Section 83-5-11 does not apply to it because it is not an "insurance company." And finally, Central contends that Greenwood's claims against it should be dismissed with prejudice due to Greenwood's failure to serve its registered agent prior to the expiration of the statute of limitations.

## STANDARD OF REVIEW

¶8. This Court applies a de novo standard of review to the trial court's decision to grant or deny a motion to dismiss. *McClain v. Clark*, 992 So. 2d 636, 637 (Miss. 2008). This Court also reviews matters of statutory interpretation de novo. *Chandler v. McKee*, 202 So. 3d 1269, 1271 (Miss. 2016).

## DISCUSSION

### I. Whether Greenwood's service of process on Central through the Insurance Commissioner was proper.

¶9. "The existence of personal jurisdiction . . . depends on the presence of reasonable notice to the defendant that an action has been brought." *Kulko v. Cal. Superior Court*, 436 U.S. 84, 91, 98 S. Ct. 1690, 56 L. Ed. 2d 132, 140 (1978). "Service of process is simply the physical means by which [personal] jurisdiction is asserted." *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983). Rule 4 of the Mississippi Rules of Civil Procedure provides that legal process may be served on a domestic corporation like Central "by delivering a copy of the summons and of the complaint to an officer, a managing or general

5

agent, or to *any other agent authorized by appointment or by law* to receive service of process." Miss. R. Civ. P. 4(d)(4) (emphasis added). Such delivery may be accomplished by process server, by sheriff, or by first-class mail. *See* Miss. R. Civ. P. 4(c)(1)-(3). "[I]t must appear that any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process. . . ." ***Broadcast Music, Inc. v. M.T.S. Enters., Inc.***, 811 F.2d 278, 281 (5th Cir. 1987) (quoting ***Schwarz v. Thomas***, 222 F.2d 305, 308 (D.C. Cir. 1955)). [4]

¶10. Here, it is undisputed that Greenwood never served process directly on an officer, managing agent, or general agent of Central. The question before us, then, is whether the Mississippi Commissioner of Insurance is an "agent authorized by appointment or by law to receive service of process" for Central. Miss. R. Civ. P. 4(d)(4). In denying Central's motion to dismiss, the trial court found that service of process on the Commissioner was proper under Section 83-21-37 of the Mississippi Code because Central "was the solicitor and deliverer of application for insurance to the Plaintiffs . . . ." On appeal, Central argues that the trial court's interpretation of Section 83-21-37 is erroneous.

¶11. Section 83-21-37 is a provision of the Unauthorized Insurers Process Law, the stated purpose of which is to provide Mississippi plaintiffs with a method of "substituted service of process" upon "insurers not authorized to do business in this state." Miss. Code Ann. § 83-21-35. (Rev. 2011). Section 83-21-37 automatically appoints the Commissioner as the agent

---

[4] "This Court routinely looks to federal case law for guidance in construing the Mississippi Rules of Civil Procedure because they were patterned after the Federal Rules of Civil Procedure." ***MS Comp Choice, SIF v. Clark, Scott & Streetman***, 981 So. 2d 955, 959 (Miss. 2008).

6

for service of process for "unauthorized or alien" insurers that perform certain acts within this state:

> (1) the *issuance or delivery of contracts of insurance* to residents of this state or to corporations authorized to do business therein, (2) the *solicitation of applications for such contracts*, (3) the collection of premiums, membership fees, assessments, or other considerations for such contracts, or (4) any other transaction of insurance business . . . .

Miss. Code Ann. § 83-21-37 (Rev. 2011) (emphasis added). Service of process on the Commissioner "is of the same legal force and validity as personal service of process in this state upon such insurer." *Id.* Here, the trial court found that Central had performed the first two acts listed in Section 83-21-37, which authorized the Commissioner to receive service of process on Central's behalf. But for Section 83-21-37 to apply, an "unauthorized or alien insurer" must perform the actions listed above. *Id.* Central falls into neither of these categories.

¶12. Because Section 83-21-37 does not apply to Central, a domestic corporation authorized to do business in this state, we find that the trial court erred in finding that Greenwood properly effectuated service of process on Central by "service of the summons and complaint upon the Commissioner of Insurance pursuant to Section 83-21-37."

¶13. Greenwood essentially concedes that Section 83-21-37 has no direct application in this case, claiming that he "is not taking the position that § 83-21-37 creates the legal right to serve Central through the Commissioner of Insurance. Nevertheless, Greenwood argues that Section 83-21-37 lends persuasive support to his primary argument before the trial court, which was that Section 83-5-11 authorized the Commissioner to act as Central's agent for

7

service of process. On appeal, Greenwood maintains his position that Section 83-5-11 authorized service of process on the Commissioner in this case, and he asks this Court to affirm the trial court's judgment on this basis.

¶14. The focus of Greenwood's primary argument on appeal is that the Commissioner has the statutory authority to act as the agent for service of process for any company that is subject to its supervision. Greenwood claims that this authority comes from Sections 83-5-1 and 83-5-11 of the Mississippi Code. Section 83-5-1 defines the scope of the Commissioner's authority as follows:

> All indemnity or guaranty companies, all companies, including those companies defined in Section 83-41-303(n), corporations, partnerships, associations, individuals and fraternal orders, whether domestic or foreign, transacting, or to be admitted to transact, the business of insurance in this state are insurance companies within the meaning of this chapter, and shall be subject to the inspection and supervision of the commissioner.

Miss. Code Ann. § 83-5-1 (Rev. 2011). Greenwood asserts that Central transacts in the business of insurance in Mississippi because it is registered with the Commissioner and delivered insurance policies to Greenwood in Mississippi. Therefore, according to Greenwood, Central is an "insurance company" for the purposes of Title 83, Chapter 5 of the Mississippi Code.

¶15. Next, Section 83-5-11 sets forth the Commissioner's duties when he or she receives service of process for an insurance company:

> *When legal process is served upon the commissioner as attorney for an insurance company*, he shall forthwith notify the company of such service by letter prepaid and directed to its secretary or, in the case of a foreign country, to its resident manager, if any, in the United States, and shall, within two (2) days after such service, forward in the same manner a copy of the process

8

served on him to the secretary or manager or to such person as may have been previously designated by the company by written notice filed in the office of the commissioner. The failure of the commissioner to notify the company shall not affect the validity of such service but shall subject him to liability on his bond for such damages as the company shall suffer thereby. As a condition of a valid and effectual service and of the duty of the commissioner in the premises, the plaintiff in such process shall pay to the commissioner at the time of service thereof the sum of Twenty-five Dollars ($25.00), which the plaintiff shall recover as taxable costs if he prevails in his suit. The commissioner shall keep a record of all such proceedings, that shall show the day and hour of service.

Miss. Code Ann. § 83-5-11 (Rev. 2011) (emphasis added). Because Central meets the definition of an "insurance company" under Section 83-5-1, Greenwood argues that Section 83-5-11 authorizes the Commissioner to accept service of process on Central's behalf.

¶16. Central presents two separate arguments in response to Greenwood's position. First, Central contends that Section 83-5-11 does not apply to it because it is only an insurance agent and not an "insurance company" within the meaning of that statute. In support of this argument, Central cites Section 83-5-5 of the Mississippi Code, which appears to provide another definition of the term "insurance company":

When consistent with the context and not obviously used in a different sense, the term "company" or "insurance company," as used in this chapter, includes all corporations, associations, partnerships, or individuals engaged as principals in the business of insurance or guaranteeing the obligations of others.

Miss. Code Ann. § 83-5-5 (Rev. 2011). Central argues that it does not meet this definition of an "insurance company" because it only acts as an agent for other companies and therefore is not engaged as a principal in the insurance business.

9

¶17.    Next, Central argues that Section 83-5-11 cannot be interpreted as authorizing the Commissioner to act as an agent for service of process for *every* company subject to its general supervisory authority under Section 83-5-1. Central claims that Section 83-5-11 governs only the Commissioner's duties when it is acting as an insurance company's agent for service of process and does *not* establish the circumstances under which the Commissioner may act as such an agent. Central asserts that these circumstances are set out in other provisions of Title 83. For example, Section 83-21-1 of the Mississippi Code requires all *foreign* insurance companies – but *not domestic* insurance companies – to appoint the Commissioner, in writing, as their agent for service of process in Mississippi as a condition of doing business in this state.[5] However, Section 83-21-1 does *not* impose any requirements on the Commissioner after he or she is served with process. Thus, Central claims that the purpose of Section 83-5-11 is to provide instructions to the Commissioner whenever he or she is served with process pursuant to Section 83-21-1 or other similar statutes.  Central posits that this statutory scheme was adopted in recognition of the fact that domestic companies are required to register an agent for service of process with the

---

[5] "No foreign insurance, indemnity or guaranty company or other insurer shall be admitted and authorized to do business in this state until: . . . It shall, by a duly executed instrument filed in his office, constitute and appoint the Commissioner of Insurance, and his successor, its true and lawful attorney, upon whom all process in any action or legal proceeding against it may be served, and therein shall agree that any process against it which may be served upon its attorney shall be of the same force and validity as if served on the company, and the authority thereof shall continue in force irrevocable so long as any liability of the company remains outstanding in this state. The service of such process shall be made by leaving a copy of the same in the hands or office of the commissioner. Copies of such instrument certified by the commissioner shall be deemed sufficient evidence thereof, and service upon such attorney shall be deemed sufficient service upon the principal." Miss. Code Ann. § 83-21-1(c) (Supp. 2017).

10

Mississippi Secretary of State; therefore, the additional statutory requirement of appointing the Commissioner as an agent for service of process is unnecessary for those companies.

¶18. After reviewing Section 83-5-11 in conjunction with other provisions of Title 83, we find Central's second argument to be dispositive. Regardless of whether Central qualifies as an "insurance company" within the scope of Section 83-5-1, we find that Section 83-5-11 does not authorize the Commissioner to act as an agent for service of process for any and every company operating in the insurance business in this state.

¶19. While Section 83-5-11 unambiguously imposes certain duties on the Commissioner whenever he or she receives service of process for an insurance company, the statute does not establish the circumstances under which the Commissioner is authorized act as an agent for service of process. This absence of a specific grant of authority in Section 83-5-11 must be viewed in conjunction with the fact that Title 83 contains at least a dozen other, more specific statutes requiring certain categories of companies to appoint the Commissioner as their agent for service of process in Mississippi.[6] The majority of these statutes apply

---

[6]*See* Miss. Code Ann. § 83-6-24(7) (Supp. 2017) (*nonresidents* who violate the statutory requirements for acquiring any voting security of a domestic insurer); Miss. Code Ann. § 83-7-205(8) (Rev. 2011) (*nonresident* applicants for a license to operate as a viatical settlement provider, viatical settlement representative, or viatical settlement broker); Miss. Code Ann. § 83-11-219(g) (Rev. 2011) (applicants for a certificate of authority as an automobile club); Miss. Code Ann. § 83-19-151(e)(i)(4) (Rev. 2011) (insurers assuming reinsurance from another insurer); Miss. Code Ann. § 83-19-205(4)(b) (Rev. 2011) (*nonresident* applicants for a reinsurance intermediary license); Miss. Code Ann. § 83-21-1(c) (Supp. 2017) (*foreign* insurance companies); Miss. Code Ann. § 83-21-29 (Rev. 2011) (*nonadmitted* insurers); Miss. Code Ann. § 83-21-37 (Rev. 2011) (*alien or unauthorized* insurers who commit certain acts in Mississippi); Miss. Code Ann. § 83-29-31 (Rev. 2011) (fraternal societies); Miss. Code Ann. § 83-31-39(c) (Rev. 2011) (*foreign* mutual insurance companies); Miss. Code Ann. § 83-33-7 (Supp. 2017) (reciprocal insurers); Miss. Code Ann. § 83-37-7(c) (Rev. 2011) (*foreign* corporations organized to do business as burial

exclusively to nonresidents.[7]  And many of these statutes require the appointment to be made in a writing filed with the Commissioner.[8]  But critically, no provision of Title 83 requires domestic insurance producers like Central to appoint the Commissioner as their agent for service of process, nor did Greenwood present any other evidence indicating that Central made such an appointment through other means.[9]

¶20.    "It is a general rule in construing statutes this Court will not only interpret the words used, but will consider the purpose and policy which the legislature had in view of enacting the law.  The Court will then give effect to the intent of the legislature." *State ex rel. Hood v. Madison Cty. ex rel. Madison Cty. Bd. of Supervisors*, 873 So. 2d 85, 88 (Miss. 2004).

---

associations); Miss. Code Ann. § 83-41-305(3)(i) (Rev. 2011) (*nonresident* applicants for a certificate of authority to establish a health maintenance organization); Miss. Code Ann. § 83-55-7(a)(iii) (Rev. 2011) (*foreign* risk retention groups seeking to do business in Mississippi).

[7] *See* Miss. Code Ann. § 83-6-24(7) (Supp. 2017); Miss. Code Ann. § 83-7-205(8) (Rev. 2011); Miss. Code Ann. § 83-19-205(4)(b) (Rev. 2011); Miss. Code Ann. § 83-21-1(c) (Supp. 2017); Miss. Code Ann. § 83-31-39(c) (Rev. 2011);  Miss. Code Ann. § 83-37-7(c) (Rev. 2011);  Miss. Code Ann. § 83-41-305(3)(i) (Rev. 2011); Miss. Code Ann. § 83-55-7(a)(iii) (Rev. 2011).

[8] *See*  Miss. Code Ann. § 83-7-205(8) (Rev. 2011); Miss. Code Ann. § 83-11-219(g) (Rev. 2011); Miss. Code Ann. § 83-21-1(c) (Supp. 2017); Miss. Code Ann. § 83-29-31 (Rev. 2011); Miss. Code Ann. § 83-33-7 (Supp. 2017); Miss. Code Ann. § 83-37-7(c) (Rev. 2011); Miss. Code Ann. § 83-41-305(3)(i) (Rev. 2011); Miss. Code Ann. § 83-55-7(a)(iii) (Rev. 2011).

[9] In its reply brief, Central claims that, "[a]s part of the ability to operate within the state of Mississippi, an insurance *company* must designate the Mississippi Commissioner of Insurance as an additional agent for service of process." Central then points to the National Association of Insurance Commissioners' Uniform Consent to Service of Process Form, which is available on the Mississippi Insurance Department's website.  Greenwood did not present any evidence indicating that Central executed such a form as part of its licensing process.

In addition, "statutes on the same subject, although in apparent conflict, should if possible be construed in harmony with each other to give effect to each." ***Miss. Gaming Comm'n v. Imperial Palace of Miss.***, 751 So. 2d 1025, 1029 (Miss. 1999). Applying these rules of construction, we find that Section 83-5-11 can be interpreted only as providing a procedure for the Commissioner to follow when he or she is acting as an agent for service of process pursuant to a more specific provision of Title 83. Greenwood's contrary interpretation – that Section 83-5-11 allows the Commissioner to act as an agent for service of process for *all* entities subject to its supervision – would render these more specific statutes meaningless and would result in active conflict in many cases. For instance, Section 83-31-39 requires only foreign mutual insurance companies to appoint the Commissioner as their agent for service of process. *See* Miss. Code Ann. § 83-31-39(c) (Rev. 2011). But under Greenwood's interpretation of Section 83-5-11, a plaintiff could initiate a lawsuit against a domestic mutual insurance company by serving process on the Commissioner, even though no statute requires domestic mutual insurance companies to appoint the Commissioner as an agent. Central's interpretation of Section 83-5-11 avoids this conflict and gives a purpose to both statutes. Accordingly, we find that Greenwood's reliance on Section 83-5-11 as the legal basis for its service of process on Central through the Commissioner is error.

¶21. Greenwood also argues that this Court can affirm the trial court's judgment regardless of whether the Commissioner was a valid agent for service of process because Rule 4 ultimately was satisfied in this case. Greenwood asserts that, regardless of whether the initial service of process on the Commissioner was proper, Central cannot complain of a lack of

13

notice because it actually received a copy of the complaint and summons from the Commissioner within days after the complaint was filed.

¶22. We find that Greenwood's argument on this point is without merit, as the method of service on Central did not comply with Rule 4. Relying on *Flagstar Bank, FSB v. Danos*, 46 So. 3d 298, 303 (Miss. 2010), Greenwood asserts that the only requirement of service by mail is that it "be properly addressed to the person authorized to receive process on behalf of the corporation and actually delivered to that address." Because the Commissioner forwarded a copy of the complaint and summons to Central via certified mail and Central actually received it, Greenwood argues that service of process was effective. However, this argument ignores the distinguishing fact that the defendant in *Flagstar* was a nonresident, while Central is a Mississippi corporation. Rule 4(c)(5) allows service of process via certified mail "on a person outside this state . . . ." Miss. R. Civ. P. 4(c)(5).[10] This Court has held unequivocally that "[s]ervice of process may not be had by certified mail on an in-state defendant." *Triple C Transport, Inc. v. Dickens*, 870 So. 2d 1195, 1198 (Miss. 2004). This error "cannot be cured by equitable or 'fairness' arguments" and amounts to "no service at all upon an in-state defendant." *Id.* Rule 4(c)(3)(A) requires service by mail on a resident defendant to be made by first-class mail, accompanied by two copies of a notice and acknowledgment conforming substantially to Form 1-B of the Mississippi Rules of Civil Procedure. Miss. R. Civ. P. 4(c)(3)(A). Even assuming that Greenwood could properly serve

---

[10] The Advisory Committee Note to Rule 4 confirms that "[c]ertified mail service . . . is limited to persons outside the state." Miss. R. Civ. P. 4 Advisory Comm. Note.

14

Central through an unappointed intermediary like the Commissioner, the transmission of the complaint and summons to Central via certified mail does not satisfy Rule 4.

¶23. Alternatively, Greenwood argues that Central waived its defense of insufficient service of process. Greenwood points out that Central "appeared in the action and defended the merits of the action," waited until three months after the complaint was filed to file its motion to dismiss, and participated in discovery. Because of this, Greenwood contends that Central waived its defense both by entering a general appearance and by participating in the litigation without timely pursuing its defense.

¶24. Rule 12(b) of the Mississippi Rules of Civil Procedure requires that "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required[.]" Miss. R. Civ. P. 12(b). Certain defenses, including insufficiency of service of process, may be raised by separate motion. Miss. R. Civ. P. 12(b)(5). However, these defenses are waived if not raised either in the answer or a separate motion filed prior to or contemporaneously with the answer. Miss. R. Civ. P. 12(h)(1). *See also* **Burleson v. Lathem**, 968 So. 2d 930, 934 (Miss. 2007). Here, Central raised the defense of insufficient service of process in its answer, so it did not waive this defense under Rule 12(h).

¶25. A defendant also can waive a defense by failing to timely and reasonably pursue it while actively participating in the litigation process. *See* **MS Credit Ctr., Inc. v. Horton**, 926 So. 2d 167, 180 (Miss. 2006). Both of these elements must be present to constitute a waiver. *See* **Id.** For example, in **Estate of Grimes ex rel. Grimes ex rel. Wrongful Death**

15

***Beneficiaries v. Warrington***, 982 So. 2d 365, 370 (Miss. 2008), the defendant pleaded the defense of immunity under the Mississippi Tort Claims Act in his answer to the complaint but did not pursue that defense until five years later. During that five-year period, the case was set and reset twice for trial, experts were designated and deposed, and the defendant moved to exclude part of the plaintiff's expert's testimony. ***Id.*** Based on the defendant's undue delay in pursuing his defense and his active participation in the litigation process, this Court held that he had waived his immunity defense. ***Id.***

¶26.    We find that Central did not waive the defense of insufficient service of process because it did not fail reasonably to pursue its defense. Central raised the defense of insufficient service of process in its answer, and unlike the defendant in ***Warrington***, it reasserted that defense in a separate motion and set that motion for a hearing. Central did respond to Greenwood's discovery requests while it was awaiting the hearing on its motion to dismiss, but it does not appear that Central took any other action concerning the merits of the litigation.[11] The hearing on Central's motion to dismiss was postponed when another defendant filed a motion to transfer venue. But as soon as the venue issue was resolved, Central scheduled another hearing on its motion to dismiss. Accordingly, we do not find that Central waived its defense of insufficient service of process.

> **II.    Whether Greenwood's complaint should be dismissed with prejudice.**

---

[11] These discovery responses are listed on the trial court docket but do not otherwise appear in the record on appeal.

16

¶27. Central maintains that Greenwood's complaint should be dismissed with prejudice because the limitations period expired without Greenwood attempting to correct its defective service of process. But because the trial court held that Greenwood had served process on Central within the 120-day time limit provided in Rule 4(h), the trial court did not consider the issue of good cause for extending the period to perfect service of process.[12] Accordingly, we decline to consider this issue for the first time on appeal.

**CONCLUSION**

¶28. The trial court erred as a matter of law in holding that the Commissioner of Insurance was authorized to act as Central's agent for service of process. Moreover, Greenwood did not comply with the requirements of Rule 4 in serving process on Central. Accordingly, we reverse the trial court's judgment and remand this case to the trial court for consideration under Rule 4(h) of whether good cause exists to extend the period for Greenwood to perfect service on Central.

¶29. **REVERSED AND REMANDED.**

**RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**

---

[12] *See* Miss. R. Civ. P. 4(h) ("If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed without prejudice upon the court's own initiative with notice to such party or upon motion.").

17