# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-CT-00605-SCT

*MISSISSIPPI DEPARTMENT OF HUMAN SERVICES*

*v.*

*METTRO JOHNSON*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 05/19/2022 |
| TRIAL JUDGE: | HON. WATOSA MARSHALL SANDERS |
| TRIAL COURT ATTORNEYS: | RUSSELL LEE BAILEY, JR. |
| | ALLYSON LEWIS BROCK |
| | BRANDY NICOLE BURNETTE |
| | CHERYL ANN WEBSTER |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | ALLYSON LEWIS BROCK |
| | BRANDY NICOLE BURNETTE |
| ATTORNEY FOR APPELLEE: | CHERYL ANN WEBSTER |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 12/05/2024 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.     In November 2021, Mettro Johnson filed a Mississippi Rule of Civil Procedure 60(b)(4) motion in Coahoma County Chancery Court to set aside a 2002 order entered in favor of the Mississippi Department of Human Services (MDHS) determining paternity and ordering Johnson to pay child support.[1]  The chancery court granted Johnson's motion,

---

[1] Pursuant to Rule 60(b)(4), there are no effective time limitations for relief from a void judgment because "no amount of time or delay may cure a void judgment." ***Kirk v.***

finding the 2002 order was void for lack of personal jurisdiction due to MDHS's failure to effect sufficient service of process pursuant to Mississippi Rule of Civil Procedure 81(d).

¶2.    A divided Court of Appeals (six to four) affirmed the judgment of the chancery court on direct appeal.[2]  The Court of Appeals denied MDHS's motion for rehearing.  MDHS then filed a petition for writ of certiorari, which this Court granted.

¶3.    After review, we agree with the Court of Appeals that the chancery court lacked personal jurisdiction over Johnson because he received insufficient service of process pursuant to Rule 81(d).  But Johnson waived his challenge to personal jurisdiction by entering into a stipulated agreement acknowledging the validity of the 2002 order.  Therefore, we reverse the judgments of the Coahoma County Chancery Court and the Court of Appeals, and we remand the case to the Coahoma County Chancery Court for proceedings consistent with this opinion.

**FACTS AND PROCEDURAL HISTORY**[3]

¶4.        On January 3, 2002, MDHS filed a complaint to determine paternity and for other relief, including child support, against Johnson in the Coahoma County Chancery Court.  A Mississippi Rule of Civil Procedure 81(d) summons and subpoena duces tecum were issued by the chancery court to

---

*Pope*, 973 So. 2d 981, 988 (Miss. 2007) (internal quotation marks omitted) (quoting *Overbey v. Murray*, 569 So. 2d 303, 306 (Miss. 1990)).

[2] *Miss. Dep't of Hum. Servs. v. Johnson*, No. 2022-SA-00605-COA, 2023 WL 8592891, at *4 (Miss. Ct. App. Dec. 12, 2023) (Judge Smith authored the majority opinion, joined by Chief Judge Barnes, Presiding Judge Carlton, and Judges Westbrooks, McDonald, and McCarty.  Judge Greenlee dissented, joined by Presiding Judge Wilson and Judges Lawrence and Emfinger).

[3] The facts and procedural history are primarily taken from the Court of Appeals' opinion.

2

Johnson and filed on January 3, 2002. The documents stated that Johnson was to appear at the chancery court on February 19, 2002, for a scheduled hearing on MDHS's complaint. The parties agree that the summons was not served on Johnson until January 21, 2002, by the Coahoma County Sheriff's Department twenty-nine days prior to the hearing. The parties also agree that the service of the summons fell therefore fell one day short of the thirty-day notice requirement . . . pursuant to Rule 81.

The chancery court conducted a hearing on MDHS's complaint on February 19, 2002. Johnson did not appear at the date, time, and location described in the Rule 81(d) summons. The court ultimately granted the relief requested and executed an order on June 18, 2002, establishing paternity and awarding child support against Johnson. The order was filed on October 11, 2002. The chancery court ordered Johnson to pay child support for two children in the amount of $285 per month. Additionally, the court entered a separate order for income withholding against Johnson to collect the child support. MDHS subsequently issued delinquency notices to four different employers of Johnson during 2002 and 2003 and attached copies of the wage withholding orders. Johnson's nonpayment continued through 2003, and his arrears balance increased. In October 2003, Johnson's driver's license was suspended due to his delinquency in paying child support as ordered.

[On October 28, 2003, Johnson signed a "Stipulated Agreement of Support and Payment Schedule for Delinquent Child Support."] This document stated that Johnson agreed he was presently in arrears for child support as of the date the document was executed. The chancery court entered a judgment approving the 2003 stipulated agreement and entered a new order for withholding on February 3, 2004.

Johnson later became incarcerated in Arkansas. According to MDHS records, MDHS did not become aware of Johnson's incarceration until approximately 2012. A significant time later, in 2020 while Johnson was still incarcerated, MDHS implemented a new policy regarding case reviews for suspensions of current child support obligations owed by incarcerated noncustodial parents. Due to this new policy, MDHS contacted Johnson in 2020 and asked if he would like his child support obligation reviewed for possible suspension. Johnson responded with a letter dated June 26, 2020, stating that he believed he was current on his child support obligation up to his incarceration in February 2004. His letter also asked for assistance in suspending his child support obligation and reducing his arrears based on his inability to pay during his period of incarceration.

3

MDHS and Johnson subsequently executed a form document entitled "Stipulated Agreement to Suspend Child Support" on August 11, 2020, while Johnson was still incarcerated. This "Agreement" asked the chancery court to end Johnson's child support obligation until he was released from prison and provided an updated balance of arrears. MDHS filed the 2020 Agreement and presented it to the chancery court, which the court approved.

Johnson was released from incarceration in July 2021. He then filed a pro se petition to suspend or reduce his child support obligation, which substantively consisted of his two-sentence handwritten request that stated, "I am requesting an amendment of the court order because I was a ward of the state of Arkansas myself from Feb. 2004 - May so if possible I was just trying to get relief for the time that I was incarcerated for those 17 years straight." The hearing on his petition was continued twice by the chancery court. Johnson subsequently obtained counsel. On November 19, 2021, Johnson's counsel filed a Rule 60(b)(4) motion to declare the 2002 paternity and support order void and to set it aside, as MDHS served Johnson one day short of the thirty-day notice requirement.

The chancery court heard arguments from both parties and ultimately found that the 2002 paternity and support order was void for lacking proper service of process and that it should be set aside. Initially, the court entered a judgment of dismissal on February 8, 2022. MDHS filed a motion for a new trial or, in the alternative, to amend the judgment, urging the chancery court to reconsider the decision or correct the styling of its judgment from a dismissal to a judgment setting aside a void judgment, as Johnson had actually pled. On April 4, 2022, the chancery court entered an order denying MDHS's request for a new trial but granted the request to modify the order from a dismissal to an order setting aside the 2002 order. Johnson then filed a motion to reconsider this order, claiming MDHS was taking a second and third bite of the apple and asking the court to reconsider the request to correct its order from a dismissal to an order setting aside the judgment. His motion also requested the court to hold MDHS in contempt for failing to follow the court's April 2022 order. On May 19, 2022, the chancery court entered its final order on Johnson's motion to reconsider and denied his request to dismiss the action rather than set aside the judgment, but the court granted Johnson's request to hold MDHS in contempt. The court's order gave MDHS ten days to return the amount previously collected to Johnson.

*Johnson*, 2023 WL 8592891, *at 1-2.

¶5. MDHS appealed. In a six-to-four decision, the Court of Appeals affirmed the

4

chancery court's judgment setting aside the 2002 order for void service of process. *Id.* *at 4. MDHS sought a writ of certiorari, which this Court granted.

## DISCUSSION

¶6. The central question on certiorari is whether Johnson received sufficient service of process to establish personal jurisdiction when he was personally served one day short of the thirty-day requirement specified in Rule 81(d)(1). "Sufficiency of service of process is a jurisdictional issue, which is reviewed de novo." ***BB Buggies, Inc. v. Leon***, 150 So. 3d 90, 95 (Miss. 2014) (citing ***Fletcher v. Limeco Corp.***, 996 So. 2d 773, 776 (Miss. 2008)).

¶7. "Service of process is . . . the physical means by which [personal] jurisdiction is asserted." ***Webster v. Fannings***, 311 So. 3d 1157, 1160 (Miss. 2021) (alterations in original) (internal quotation marks omitted) (quoting ***Cent. Insurers of Grenada, Inc. v. Greenwood***, 268 So. 3d 493, 497 (Miss. 2018)). "The existence of personal jurisdiction . . . depends on the presence of reasonable notice to the defendant that an action has been brought." *Id.* (alterations in original) (internal quotation marks omitted) (quoting ***Greenwood***, 268 So. 3d at 497)).

¶8. "Rule 81(d) recognizes that there are certain actions and matters whose nature requires special rules of procedure." M.R.C.P. 81 advisory comm. n. Rule 81(d) divides these actions into two categories. *Id.* "This division is based upon the recognition that some matters, because of either their simplicity or need for speedy resolution, should be triable after a short notice to the defendant/respondent; while others, because of their complexity, should afford the defendant/respondent more time for trial preparation." *Id.* Further, a Rule

5

81 summons assists in affording a party due process because it "sets a time and place for a hearing in court concerning the matters set out in the complaint." ***Powell v. Powell***, 644 So. 2d 269, 273 (Miss. 1994). Notably here, Johnson was provided the correct date, time, and location of the hearing.

¶9. Pursuant to Rule 81(d)(1), matters concerning paternity and child support, "shall be triable 30 days after completion of service of process[.]" M.R.C.P. 81(d)(1). Here, it is undisputed that Johnson was personally served with process twenty-nine days before the hearing was conducted, which is why the chancery court ultimately set aside the 2002 order. In affirming the chancery court's judgment, the Court of Appeals majority reasoned that "Rule 81(d) clearly and unequivocally mandates a period of thirty days must pass in order for the chancery court to obtain personal jurisdiction over the defendant." ***Johnson***, 2023 WL 8592891, at *3.

¶10. After consulting Rule 81(d), we agree. "This Court has held defects in procedure impacting on notice are not permissible." ***Robinson v. Stewart***, 655 So. 2d 866, 870 (Miss. 1995) (citing ***Powell***, 644 So. 2d at 272-74). Here, Rule 81 expressly requires that the defendant be served with process at least *thirty days* prior to the date of hearing. The thirty-day notice requirement was not met here because Johnson was served with process twenty-nine days prior to the date of hearing. Therefore, Johnson lacked "reasonable notice . . . that an action ha[d] been brought." ***Webster***, 311 So. 3d at 1160 (internal quotation mark omitted) (quoting ***Greenwood***, 268 So. 3d at 497). Service of process was accordingly insufficient, and the chancery court lacked personal jurisdiction over Johnson at the time of

6

the 2002 order. Thus, the 2002 order was void. *See **Morrison v. Miss. Dep't of Hum. Servs.***, 863 So. 2d 948, 952 (Miss. 2004) (stating that a judgment is void if court lacks jurisdiction over the parties). We find, however, that Johnson voluntarily waived any challenge to personal jurisdiction by entering the 2003 Stipulated Agreement with MDHS, which was subsequently approved by the chancery court in 2004. Accordingly, we reverse the Court of Appeals' decision affirming the chancery court's judgment and remand this matter for further proceedings.

## CONCLUSION

¶11.    In sum, we find that the Rule 81(d) requires that thirty days must pass after service of process in order for the chancery court to obtain personal jurisdiction over a defendant. Thus, the chancery court here lacked personal jurisdiction over Johnson because service of process was not properly completed. Johnson, however, waived any challenge to personal jurisdiction when he signed the 2003 Stipulated Agreement acknowledging the validity of the 2002 order. Accordingly, we reverse the judgment of the Coahoma County Chancery Court and the Court of Appeals and remand the case to the Coahoma County Chancery Court for proceedings consistent with this opinion.

¶12.    **REVERSED AND REMANDED.**

**KITCHENS AND KING, P.JJ., COLEMAN, BEAM AND CHAMBERLIN, JJ., CONCUR. RANDOLPH, C.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. GRIFFIS, J., CONCURS IN PART AND IN THE RESULT WITH SEPARATE WRITTEN OPINION JOINED BY MAXWELL, J.; RANDOLPH, C.J., JOINS IN PART.**

7

**GRIFFIS, JUSTICE, CONCURRING IN PART AND IN RESULT:**

¶13.    Mettro Johnson voluntarily waived the defense of lack of personal jurisdiction when he executed the 2003 Stipulated Agreement with the Mississippi Department of Human Services.  As a result, I see no reason to consider or address "whether Johnson received sufficient service of process to establish personal jurisdiction" under Mississippi Rule of Civil Procedure 81(d)(1).  Maj. Op. ¶ 6; *see* Maj. Op. ¶¶ 6-10.  This issue is no longer relevant.  The chancery court certainly had personal jurisdiction over Johnson when he signed the 2003 Stipulated Agreement.

**MAXWELL, J., JOINS THIS OPINION. RANDOLPH, C.J., JOINS THIS OPINION IN PART.**